UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMAN JOSEPH CLAUDET JR. | CIVIL ACTION |
| VERSUS | NO. 17-10027 |
| CYTEC RETIREMENT PLAN ET AL | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is Defendant's partial motion to dismiss. R. Doc. 19. Plaintiff has responded in opposition. R. Doc. 20. The Court heard oral argument on the motion on February 6, 2018. R. Doc. 29. Having considered the parties' arguments and the applicable law, the Court now issues this Order & Reasons.

I. BACKGROUND

This case arises from a reduction of retirement benefits. R. Doc. 12 at 1. Plaintiff Aman Claudet ("Claudet") is a retired beneficiary of Defendant Cytec Retirement Plan ("the Plan"). R. Doc. 12 at 1. In addition to Cytec Retirement Plan, Plaintiff brings claims against Defendant Cytec Industries, Inc. ("Cytec") and Defendant Solvay USA, Inc. ("Solvay"). R. Doc. 12 at 2. Plaintiff Claudet alleges that his pension benefits were reduced by Defendants in contradiction to his plan. R. Doc. 12 at 1. Plaintiff seeks to represent a class of similarly situated individuals and alleges that Defendants have purposefully deprived hundreds of retirees of pension benefits. R. Doc. 12 at 1-2.

Plaintiff Claudet avers that he was an employee of Cytec and participated in Cytec's retirement plan, governed by ERISA. R. Doc. 12 at 3. Claudet retired in 2002 and began receiving benefits under the Plan. R. Doc. 12 at 5. In 2014, the Plan was amended and in 2015, Defendant

1

Solvay acquired Defendant Cytec. R. Doc. 12 at 5. In 2016, Claudet received a letter from Solvay stating that his pension benefits had been "incorrectly calculated" and that his benefits would be reduced. R. Doc. 12 at 6. Plaintiff sought clarification of this change and made an ERISA claim for restoration of his benefits. R. Doc. 12 at 6. This claim was denied and Claudet submitted an appeal of this denial. R. Doc. 12 at 7. Plaintiff's appeal was also denied. R. Doc. 12 at 6.

Plaintiff now brings 1) an ERISA claim for benefits, 2) a claim for declaratory relief, and 3) a claim for breach of fiduciary duty. R. Doc. 12. Defendants answer these claims and generally deny the allegations. R. Doc. 7. Defendants raise eleven defenses including failure to state a claim upon which relief can be granted, recovery is limited to remedies under ERISA, and statute of limitations. R. Doc. 7.

## II. PENDING MOTION

Defendants ask the Court to dismiss Plaintiff's breach of fiduciary duty claim. R. Doc. 19. Defendants argue that Plaintiff's breach of fiduciary duty claim is brought under section 502(a)(3) of ERISA and that this claim is prohibited because Plaintiff already has a remedy under section 502(a)(1)(B) of ERISA in his claim for benefits. R. Doc. 19 at 8-9. Plaintiff responds in opposition arguing that Defendant's motion is premature. R. Doc. 20.

## III. LAW & ANALYSIS

### a. Motion to Dismiss Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. A court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Dismissal under Rule

2

12(b)(1) of the Federal Rules of Civil Procedure is appropriate when subject matter jurisdiction is lacking. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

A court reviewing subject matter jurisdiction pursuant to Rule 12(b)(1) may base its opinion on the face of the complaint, "the complaint supplemented by undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (internal citations omitted). A district court evaluating subject matter jurisdiction "must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

### b. ERISA § 502(a)(1)(B) Claim

Under ERISA § 502(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, Plaintiff alleges that Cytec improperly adjusted benefits. Specifically, Plaintiff argues that Cytec reinterpreted the plan to lower the monthly benefit received by retirees. Plaintiff seeks to have his prior monthly benefit amount reinstated. This remedy is a claim to recover benefits under the terms of the plan.

### c. ERISA § 502(a)(3) Claim

Under ERISA § 502(a)(3), a participant, beneficiary, or fiduciary may bring a civil action "to enjoin any act or practice which violates any provision" or for "other equitable relief" that "redress[es] such violations" or "enforce[s] any provision." 29 U.S.C. § 1132(a)(3). § 502(a)(3)

"act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). However, "in fashioning 'appropriate' equitable relief," it is necessary to "keep in mind the 'special nature and purpose of employee benefit plans' "as well as to "respect the 'policy choices reflected in the inclusion of certain remedies and the exclusion of others.'" *Id.* at 515. For this reason, "such relief normally would not be 'appropriate'" under § 502(a)(3) in instances where ERISA provides relief elsewhere. *Id.* The Fifth Circuit consistently holds that plaintiffs may not maintain fiduciary duty claims under § 502(a)(3) when § 502(a)(1)(B) provides adequate redress. *See, e.g.*, *Hollingshead v. Aetna Health, Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014).

The Fifth Circuit has recently held that "[t]he availability of th[e] statutory remedy under section 502 of ERISA . . . defeats [Plaintiff's] claim for equitable relief under federal law." *Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 812 (5th Cir. 2017). There, the Fifth Circuit upheld the ruling of the district court which granted a motion to dismiss because "ERISA permits a plaintiff to bring equitable claims under § 1132(a)(3), but only when she has no available remedy at law." *Swenson v. Eldorado Casino Shreveport Joint Venture*, 2017 WL 1334307, *5 (W.D. La. Apr. 7, 2017), *aff'd*, 876 F.3d 809 (5th Cir. 2017). This finding is consistent with the doctrine that equitable remedies are a last resort when there is no available remedy under the law.

Here, Plaintiff has a remedy under the law. Therefore, he is not entitled to equitable relief as well. Plaintiff seeks to recover the difference in benefits created when Defendant reevaluated the pension program. Section 502(a)(1)(B) provides an adequate remedy for Plaintiff under the law and therefore, equitable relief under § 502(a)(3) is not available to Plaintiff.

4

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' partial motion to dismiss, R. Doc. 19, is hereby **GRANTED**.

New Orleans, Louisiana, this 20th day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE