## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMAN JOSEPH CLAUDET JR. individually and on behalf of all others similarly situated ; ) ) ) | |
| Plaintiffs ) | Civ. Action No. 17-10027-EEF-JVM |
| ) | |
| v. ) ) | Judge Eldon Fallon Mag. Judge Janis van Meerveld |
| CYTEC RETIREMENT PLAN, ) CYTEC INDUSTRIES INC., and ) SOLVAY USA, INC., ) | |
| ) | CLASS ACTION |
| ) | |
| Defendants ) | |

## **SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT is entered into by and between the Settlement

Class, on the one hand, and Defendants Cytec Retirement Plan, Cytec Industries Inc. and Solvay

USA, Inc. on the other hand.

## **RECITALS**

A. The words and phrases used in the preamble and these Recitals have the meanings

assigned to them in Article I — Definitions.

B. The Settlement is structured as follows:

The Parties agree that Class Counsel has provided Defendants with the Plan of Allocation

for Eligible Participants who were in pay status as of October 1, 2018 and that the Plan shall

distribute benefits from the Settlement Amount as directed by Class Counsel in strict accordance

to the Plan of Allocation. In addition, the Parties have reached agreement, prescribed herein, on

1

the allocation of Settlement Benefits to Settlement Class Members not yet in pay status as of October 1, 2018 should any become eligible to receive a Settlement Benefit. The Parties agree that the Company shall amend the Plan to provide for the payment by the Plan of the Settlement Benefits, and that Solvay shall pay the Fee Award and Case Contribution Award. The Parties agree that the Settlement Class shall release all Released Claims against the Released Parties as set forth herein.

C. Class Counsel has substantial experience with the requirements of ERISA and the Code and has substantial experience litigating class actions on behalf of plan participants.

D. Class Counsel has analyzed and evaluated the impact of this Agreement on Named Plaintiff, the Settlement Class and all Settlement Class Members. Based on its analysis and evaluation of the relevant factors, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate for Settlement Class Members.

E. Defendants have denied and continue to deny all the allegations made by Named Plaintiff in the Action. Named Plaintiff continues to assert that the claims are meritorious. Nevertheless, without admitting or conceding any liability or damages whatsoever, and without conceding that any claims are without merit, the Parties have agreed to settle the Action on the terms and conditions set forth in this Agreement to minimize the burden, expense, and uncertainty of continuing to litigate the Action and to resolve all Released Claims. The Parties have determined that it is in the best interests of the participants and beneficiaries of the Plan that the Action be settled in the manner and upon the terms and conditions set forth in this Agreement.

F. As a result of these and other appropriate considerations, the Settlement Class and Defendants have agreed to settle the Action as provided for herein.

2

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, and all attachments hereto, as well as the good and valuable consideration provided for herein, the Parties hereby agree to a settlement of the Action on the following terms and conditions:

## I.   DEFINITIONS

For purposes of this Agreement, the following terms, when used in capitalized form, shall have the meanings indicated below.  In addition, where appropriate, the plural of any defined term includes the singular, and the singular of any defined term includes the plural. Occasionally, a term may be defined in another paragraph of this Agreement by putting quotation marks around the term and placing the term in a parenthetical following its definition; a term defined in this manner is considered to be defined in this Article I.

**1.1**   **"Action"** means the case captioned *Claudet v. Cytec Retirement Plan* 2:17 -cv - 100027 -EEF -JVM pending in the District Court.

**1.2**   **"Agreement"** means this Settlement Agreement along with all attachments hereto.

**1.3**   **"Cytec Retirement Plan"** or **"Plan"** means the Retirement Plan of Cytec Industries Inc. ("Cytec") or its predecessor or successor plans.

**1.4**   **"Case Contribution Application"** means the motion to be filed by Class Counsel with the District Court for an award of $5,000 to the Named Plaintiff, in recognition for the time and effort which he has spent prosecuting this Action on behalf of the Class.

**1.5**   **"Case Contribution Award"** means the amount awarded by the District Court to the Named Plaintiff pursuant to the Case Contribution Application.

3

**1.6** **"Change of Information Form"** means the form mutually agreed upon by Class Counsel and Defendants and attached hereto as Exhibit A that may be completed and returned to Defendants by Eligible Participants and Eligible Beneficiaries or Eligible Estate Representatives as set forth in the Class Notices.

**1.7** **"Class Counsel"** means the Stiegler Law Firm, 318 Harrison Ave., Suite 104, New Orleans, LA 70124; Williams Litigation LLC 639 Loyola Ave., Suite 1850, New Orleans, LA 70113; and Martin & Bonnett, P.L.L.C., 4647 N. 32nd St., Suite 185, Phoenix, AZ 85018.

**1.8** **"Class"** or **"Settlement Class"** means the class certified by the District Court that, upon execution of this Agreement, the parties will jointly seek to modify, for settlement purposes only, as follows:

All vested participants in the Plan who elected or have a right to elect an optional joint and survivor benefit and who are, were or would be subject to a reduction of monthly benefits as a result of the imposition of charges attributable to the cost of the "pop-up" feature under the Plan's optional joint and survivor benefits (and their Eligible Beneficiaries, if they are deceased or incompetent).

**1.9** **"Class Member"** or **"Settlement Class Member"** means an individual who satisfies the definition of the Settlement Class.

**1.10** **"Class Notices"** means the notices mutually agreed upon by Class Counsel and Defendants in the forms attached hereto as Exhibits B & C, which shall be provided to the Class Members as set forth herein.

**1.11** **"Company"** means Cytec Industries, Inc.   ("Cytec"), Solvay USA Inc. ("Solvay") and all organizations and entities that are required to be aggregated with Cytec or Solvay under Code §§ 414(b), (c), (m), (n) and (o).

4

**1.12** **"Defendants"** means all named defendants in the Action: The Plan, Cytec and Solvay.

**1.12** **"Defense Counsel"** means Proskauer Rose, LLP 650 Poydras St., Suite 1800, New Orleans, LA 70130.

**1.13** **"District Court"** means the United States District Court for the Eastern District of Louisiana.

**1.14** **"Effective Date"** means the date the Settlement becomes Final.

**1.15** **"Eligible Beneficiary"** means the surviving spouse or other beneficiary of an Eligible Participant who started an optional joint and survivor annuity with "pop-up" on or before October 1, 2018 and died before the Initial Payment Date. If such designated Eligible Beneficiary is no longer living, the Eligible Beneficiary shall be the designated Eligible Beneficiary's estate; provided that if the designated Eligible Beneficiary died before the Eligible Participant, the Eligible Beneficiary shall be the Eligible Participant's estate.

**1.16** **"Eligible Estate Representative"** means the executor or administrator of the estate, or the qualified personal representative, of an Eligible Participant or an Eligible Beneficiary who is eligible to receive a Settlement Benefit on behalf of a deceased Class Member's or Eligible Beneficiary's estate.

**1.17** **"Eligible Participant"** means an employee or former employee of Cytec who earned a vested right to benefits under the Plan and is included in the Settlement Class and is eligible or becomes eligible to receive a Settlement Benefit.

**1.18** **"ERISA"** means the Employee Retirement Income Security Act of 1974, as amended and in effect from time to time.

5

**1.19** **"Fairness Hearing"** means the hearing to be held by the District Court, on a date and location to be determined by the District Court, on the motion for Final Approval of the Settlement.

**1.20** **"Fee Application"** means the motion to be filed by Class Counsel with the District Court for an award of reasonable attorneys' fees and costs in the amount of $350,000 for attorneys' fees and $37,000 for recoverable costs to be paid by Defendants separate and apart from the Settlement Amount.

**1.21** **"Fee Award"** means the amount of attorneys' fees and costs awarded to Class Counsel pursuant to the Fee Application.

**1.22** **"Final"** means (a) a judgment approving the Settlement has been entered by the District Court; (b) (i) if rehearing, reconsideration, or appellate review of the judgment is not sought by any person, when the time to seek such rehearing, reconsideration, or appellate review has expired, or (ii) if rehearing, reconsideration, or appellate review of the judgment is sought by any person, when any and all avenues of rehearing, reconsideration, and appellate review (including in the United States Supreme Court) have been exhausted and no further rehearing, reconsideration, or appellate review is permitted (or the time for seeking such review has expired); and (c) no portion of the judgment approving the Settlement has been altered, modified, amended, vacated, or overturned.

**1.23** **"Final Approval"** means that the District Court has entered the Final Judgment and the Final Judgment has become Final.

6

**1.24** **"Final Judgment"** means the order and final judgment to be mutually agreed upon and proposed by the Parties and entered by the District Court with respect to the Settlement without material amendment, modification or alteration.

**1.25** **"Individual Mistake"** means an error related to the calculation of, or entitlement to, an individual Participant's benefits such as, for example, a mathematical error, service crediting error or error in the determination of compensation or that involves a particularized, individualized data issue or the terms of an individual qualified domestic relations order ("QDRO"). An Individual Mistake does not include any generally applicable claim that is related to claims asserted or that could have been asserted in the Action. An Individual Mistake does not include any claims or appeals pertaining in any way to this Agreement, Settlement Benefits or the Plan of Allocation except to the extent that a clerical, mathematical, operational or administrative error was made by Defendants in providing the Settlement Benefits agreed to herein.

**1.26** **"Interest"** means an effective annual rate of 7.25% for all time periods where benefits are to be calculated as of July 1, 2019 except as provided in section 3.3(f).

**1.27** **"Initial Payment Date"** means for Eligible Participants or Eligible Beneficiaries who are then in pay status, the later of 30 days after the Final Approval or the first day of the first month that starts at least 14 days after the Plan receives a complete and valid election form and all required documentation. Defendants shall mail election forms to Eligible Participants and Eligible Beneficiaries in pay status within 20 business days following entry of Final Judgment.

**1.28** "Mediator" means Retired United States Magistrate Judge Sally Shushan, Duvall Shushan Legal Resources.

7

**1.29** **"Named Plaintiff"** means, Aman Joseph Claudet Jr.

**1.30** **"Parties"** means Defendants, Named Plaintiff, and the Settlement Class.

**1.31** **"Plan Administrator"** means the plan administrator for the Plan, as provided in the Plan.

**1.32** **"Plan Amendment"** means the amendment to the Plan described in Article III, which shall be consistent with and not contrary to the provisions of this Agreement, and shall be solely for the purpose of effectuating the provisions of this Agreement. Defendants will provide Plaintiff with a draft of the Plan Amendment for review at least 30 days before the Fairness Hearing and Plaintiff will provide any comments to the draft Plan Amendment at least 14 days before the Fairness Hearing. In the event there is a dispute over the terms of the Plan Amendment, the Parties will petition the Court to resolve such dispute, which shall be decided consistent with the terms of this Agreement and the requirements to maintain the Plan's tax-qualification.

**1.33** **"Plan of Allocation"** means the spreadsheet attached hereto as Exhibit D that sets forth the Settlement Benefits payable to each Settlement Class Member who was known to be in pay status on or before October 1, 2018 under each of the optional forms of benefits such Settlement Class Member may elect under Article III below. The Plan of Allocation is hereby expressly incorporated as part of this Agreement. Defendants agree that they will be bound strictly according to the terms of that Plan of Allocation (subject to corrections for Individual Mistakes) and will make timely payments as set forth in the Plan of Allocation. Defendants acknowledge that failure to do so constitutes a violation of the terms of this Agreement and is subject to the full enforcement authority of the Court.

8

**1.34** **"Preliminary Approval"** means the entry by the District Court of the Preliminary Approval Order.

**1.35** **"Preliminary Approval Motion"** means the motion that the Class shall file with the Court as set forth herein.

**1.35** **"Preliminary Approval Order"** means the order to be mutually agreed upon and proposed by the Parties, and entered by the District Court in connection with the Preliminary Approval Motion that is to be filed by the Class, in substantially the form attached hereto as Exhibit E preliminarily approving the terms and conditions of this Agreement, including the manner and timing of providing notice to the Settlement Class, the period for raising objections, and the date for the Fairness Hearing together with changes in the notice, if any, as directed by the District Court.

**1.36** **"Proposed Second Amended Complaint"** means the Complaint provided to Defendants' Counsel on September 13, 2018, a copy of which is attached hereto as Exhibit F.

**1.37** **"Release"** means the release described in Paragraph 4.01.

**1.38** **"Released Claims"** means the claims described as released in Article IV herein.

**1.39** **"Released Parties"** means Defendants, the Plan's and Defendants' current, former and future parent corporations, subsidiaries, divisions, affiliated and related entities and plans, and each of their current, former and future fiduciaries, administrators, actuaries, executors, directors, officers, members, employees, agents, insurers, representatives, attorneys, trustees, conservators, successors in interest, and assigns.

**1.40** **"Settlement"** means the negotiated agreement among the Parties to settle the Action, as reflected in this Agreement.

9

**1.41** **"Settlement Amount"** means the amount, the aggregate value of which is estimated to be \$1.825 million as of June 30th, 2019, that will be allocated to Settlement Class Members under this Agreement. The Settlement Amount includes an estimated \$1.54 million to be allocated to Settlement Class Members in pay status who retired prior to October 1, 2018 in the amounts set forth in the Plan of Allocation and the Case Contribution Award, and an amount payable to Settlement Class Members who are not yet in pay status as of October 1, 2018 equal to a 75% reduction of the charge for the pop-up, estimated to have a value of approximately \$285,000. The Settlement Amount and Settlement Benefits provided pursuant to the Plan Amendment shall be 100% vested.

**1.42** **"Settlement Benefit"** means:

> (a) For each Eligible Participant who was in pay status on or before October 1, 2018, the lump sum amount set forth in the Plan of Allocation, which is based on (1) 75% of the actual pop-up charge incurred by the participant from the date the charge was applied through June 30, 2019, with Interest (the "Retroactive Charge Amount"), plus (2) the actuarial present value as of July 1, 2019 of 75% of the pop-up charge for future annuity payments, determined using the IRS 2018 Applicable Mortality Table for 417(e) and IRS 417(e) minimum present value segment rates for October 2018 and payable in the forms and amounts set forth in the Plan of Allocation and

> (b) For each Eligible Participant who was not in pay status as of October 1, 2018 the Settlement Benefit shall be an amount that reduces the

10

pop-up charge by 75%, determined as of the Eligible Participant's commencement date, where said amount is payable only if, upon retirement, the Eligible Participant chooses a form of benefit that includes a pop-up charge. The monthly benefit calculations, including the monthly amount calculated for the pop-up charge without the Settlement Benefit and the monthly amount that includes the Settlement Benefit shall be disclosed to the Eligible Participant along with the relative values of each option available to the Eligible Participant.

## II.    PROCEDURES

**2.1    Preliminary Approval.** Within 21 days from execution of this Agreement, the Class shall file the Preliminary Approval Motion with the Court for entry of the Preliminary Approval Order and the Parties will file a joint motion to modify class certification for settlement purposes only pursuant to Fed. R. Civ. P. 23(b)(1) to provide for the Settlement Class set forth herein. The Preliminary Approval Motion shall request that the Court set a date and time for the Fairness Hearing and approve the Class Notices and Change of Information Form.  Class Counsel shall provide Defendants with a copy of the draft Preliminary Approval Motion, at least three (3) business days before filing. If the District Court certifies the Settlement Class under additional or different provisions of Rule 23(b), it shall not affect the validity of this Agreement.

**2.2    Class Notification.** Defendants shall provide each Settlement Class Member with the appropriate Class Notices, in the form attached hereto as Exhibit B or C together with any changes or modifications directed by the Court or agreed to by the parties which shall include details of the proposed Settlement, the date and time for the Fairness Hearing, and their

11

right to object to this Agreement. The Class Notice distribution shall also include the Change of Information Form. The Class Notice and Change of Information Form shall be sent by first-class mail to the last known address of each Settlement Class Member. Defendants shall mail the Class Notice within fourteen (14) days of the Order Granting Preliminary Approval.

**2.3**    **Issuance of Notice Under the Class Action Fairness Act.** Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, at their own expense, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class Members reside, as specified by 28 U.S.C. § 1715, within ten (10) days of the filing of the Preliminary Approval Motion. Defendants shall give Class Counsel the opportunity to review the notices at least five (5) days before service.

**2.4**    **Fairness Hearing.** In the Preliminary Approval Motion, the Class shall request that the District Court set a Fairness Hearing as soon as practicable to determine the fairness, reasonableness, and adequacy of the Settlement, the dismissal with prejudice of the claims of the Named Plaintiff and the Settlement Class against Defendants, the request of Class Counsel for an award of attorneys' fees and costs pursuant to the Fee Application, and the request by Class Counsel for a Case Contribution Award to Named Plaintiff. The Class shall request that the Fairness Hearing be set as soon as practicable following 60 days after the date for mailing of the Class Notices.

**2.5**    **Objections to Settlement.**

(a)    Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement, the Plan of Allocation or

12

their individual allocation, the Case Contribution Award, or the request by Class Counsel for an award of fees and costs, must notify Class Counsel as designated in the Class Notices, no later than fourteen (14) days before the Fairness Hearing and provide a statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support that the Settlement Class Member wishes to bring to the District Court's attention and any evidence the Settlement Class Member wishes to introduce in support of the objection. Class Counsel shall promptly advise Defense Counsel and the Court of the receipt of any objection. Any Settlement Class Member who serves a written objection, as described herein, may appear at the Fairness Hearing and request to be heard with respect to the objection timely filed in accordance with this Paragraph.

(b)     Settlement Class Members filing a written objection or appearing at the Fairness Hearing in accordance with this Paragraph may do so either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her (at his or her own cost and expense), the attorney must file a notice of appearance with the Clerk of the District Court no later than fourteen (14) days before the Fairness Hearing and serve a copy of such notice of appearance on counsel for the Parties.

(c)     Unless the District Court finds good cause for an exception, any Settlement Class Member (or his or her attorney) who fails to comply with the provisions of Paragraphs 2.05(a) and (b) shall waive any rights the

13

Settlement Class Member may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action.

(d) The Parties shall file any written replies to objections submitted in accordance with Paragraph 2.05(a) no later than five (5) calendar days before the Fairness Hearing. To the extent any Settlement Class Member submits an objection to the Plan of Allocation, including an objection to their individual allocation or proposed allocation if they have not yet retired, Class Counsel shall be responsible for responding to any such objection and shall provide the Settlement Class Member with information relevant to Class Counsel's determination.

**2.6    Effect of Failure to Grant Final Approval.** If the District Court fails to enter the Preliminary Approval Order in substantially the form submitted by the Class or in a form which is otherwise agreed to by the Parties, or if the Settlement does not receive Final Approval, as defined herein, either Party shall have the right to declare the Settlement and Agreement null and void with no further force and effect, and the Action shall resume without prejudice to the rights (including, but not limited to, appeal rights) of any Party, unless the Parties successfully renegotiate the settlement and obtain final approval of the renegotiated settlement. In the event a Party declares the Settlement and this Agreement null and void in accordance with this Paragraph, the Action and any orders entered in connection with the application for approval of the Settlement shall be restored to the *status quo ante* as it existed on Sept. 25, 2018 including the Court's class certification order dated May 21, 2018 and any statements made by any Party in any documents, settlement documents, court appearance, drafts or documents produced

14

connection with the Mediation and this Agreement shall not be admissible in any proceeding or otherwise used in connection with this Action.

**2.7  Cost of Class Notice and Administration of Settlement.** The Plan or Solvay shall pay as an administrative expense all reasonable costs and expenses of notice and attendant Class Notice distribution expenses including, but not limited to, postage, printing, duplicating and mailing of the Class Notice and Change of Information Form, address searches and publication expenses to the extent publication is made. The cost of processing Settlement Benefits and administering the settlement, under this Agreement shall be borne by the Plan. If the Settlement or this Agreement is terminated for any reason, the Parties shall have no obligation to reimburse any other Party for any other costs or expenses incurred under this Agreement.

**2.8  Entry of Final Judgment.** Not later than fourteen (14) days before the Fairness Hearing, The Class shall submit to the District Court a motion for entry of the Final Judgment and form of Final Judgment, which shall be in substantially the form attached hereto as Exhibit G and which shall provide for the following, among other things:

(a)  adjudging the Settlement to be fair, reasonable and adequate;

(b)  ordering that the Agreement is approved, directing consummation of the terms and provisions of this Agreement, and requiring the Parties to take the necessary steps to effectuate the terms of this Settlement;

(c)  entering the Final Judgment;

15

(d)    determining pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Class Notices constitute the best notice practicable under the circumstances, and that due and sufficient notice of the Fairness Hearing and the rights of all Members of the Settlement Class has been provided;

(e)    determining that Defendants complied with CAFA and its notice obligations by providing appropriate federal and state officials with information about the Settlement;

(f)    ordering that each Member of the Settlement Class shall be (i) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally and forever settled, released, relinquished, waived and discharged Defendants from all Released Claims, and (ii) barred from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Settlement Class Member may thereafter discover facts in addition to or different from those which the Members of the Settlement Class now know or believe to be to be true with respect to the Action and the Released Claims, whether or not such Members of the Settlement Class have filed an objection to the settlement embodied in this Agreement or to any application by Class Counsel for Fee Award, and whether or not the objections or claims for distribution of such Members of the Settlement Class have been approved or allowed;

16

(g)     dismissing with prejudice the Action and claims asserted in the Proposed
        Second Amended Complaint, whether asserted by Named Plaintiff on his
        own behalf or on behalf of the Settlement Class, without additional cost to
        any of the Parties other than as provided for in this Agreement;

(h)     approving the Plan Amendment and awarding Settlement Benefits
        consistent with the terms of this Agreement;

(i)     awarding attorneys' fees and costs for Class Counsel pursuant to the Fee
        Application consistent with the terms of this Agreement;

(j)     awarding the Case Contribution Award to Named Plaintiff consistent with
        the terms of this Agreement;

(k)     ordering the Parties' submission to, and the District Court's continuing
        retention of, exclusive jurisdiction over this matter for the purpose of
        effectuating and supervising the enforcement, interpretation or
        implementation of the Settlement, and resolving any disputes that may
        arise hereunder;

(l)     entering an injunction barring any Settlement Class Member from filing a
        separate action with respect to the Released Claims, and

(m)     entering an order stating that the parties and their counsel shall not be
        liable to any person for any determinations made on the Plan of Allocation
        or for any mistakes, incorrect or incomplete data relied upon by Plaintiff
        or Class Counsel in preparing and producing the Plan of Allocation.

17

Class Counsel shall provide Defendants with a draft of the motion for Final Judgment and all exhibits thereto at least three (3) business days before filing.

**2.9 Payment of Case Contribution Award and Attorneys' Fees and Costs Award.**

(a) At least twenty-eight (28) days before the Fairness Hearing, Class Counsel shall file the Fee Application and Case Contribution Application with the District Court. At the same time, Class Counsel will also deliver to Defense Counsel properly executed W-9 Forms for Class Counsel and Named Plaintiff. Any award of attorneys' fees and costs finally approved by the District Court (and, if applicable, by the Court of Appeals or United States Supreme Court) shall be paid directly by Solvay and shall not be paid from the Settlement Amount.

(b) Within twenty-one (21) days of Final Approval, Solvay shall wire transfer to one or more accounts specified by Class Counsel the Fee Award entered by the District Court provided a properly executed W-9 Form was delivered to Defense Counsel.

(c) Within twenty-one (21) days of Final Approval, Solvay shall pay the Case Contribution Award by delivering a check payable to Named Plaintiff to Class Counsel provided a properly executed W-9 Form was delivered to Defense Counsel.

**2.10 Dismissal of the Action.** Subject to the provisions of this Agreement, the Settlement Class agree to the entry of the Final Judgment, dismissing the Action with prejudice.

### III. BENEFITS

#### 3.1 Settlement Benefit Payments.

In its capacity as sponsor of the Plan and settlor of the trust or trusts thereunder, Cytec Industries, Inc. shall amend the Retirement Plan by the Plan Amendment, effective as of the

18

Effective Date, to provide the Settlement Benefits in accordance with this Article III and the Plan of Allocation. These benefits are special one-time benefits and shall not accrue until Final Approval. In no event shall a Settlement Class Member's Settlement Benefit be deemed to be part of an Eligible Participant's prior accrued benefit. Defendants agree to pay all benefits agreed to hereunder after the Effective Date to the Settlement Class Members.

3.2 **Plan of Allocation.** Class Counsel shall submit to the Court in redacted form a copy of the Plan of Allocation with the filing of the Preliminary Approval Motion. The Plan of Allocation shall form the basis of and be attached and incorporated into the Plan Amendment. In accordance with the Plan of Allocation, the Parties may use reasonable procedures and require documentation including Change of Information Forms attached hereto as Exhibit A and appropriate documentation to determine if a surviving spouse, beneficiary under the Plan other than a surviving spouse or estate representative is an Eligible Beneficiary or an Eligible Estate Representative. If after Class Counsel files the Plan of Allocation, Defendants determine that any of the information provided to Class Counsel and used in the Plan of Allocation is incorrect, Defendants shall promptly notify Class Counsel. In the event it is determined that information used to calculate amounts on the Plan of Allocation is inaccurate, Class Counsel may in its discretion submit a revised Plan of Allocation prior to the Fairness Hearing.

**3.3 Distribution of Settlement Benefits.**

a. Time and Form of Payment of Settlement Benefits to Eligible Participants in Pay Status as of October 1, 2018. Each Eligible Participant who was in pay status on or before October 1, 2018, may elect to receive their Settlement Benefits in one of the following forms, in each case commencing as of July 1, 2019, and without regard to whether the Plan benefit in pay status is being paid by the Plan or an insurance company. Eligible Participants will have the

19

right to choose one of these forms of benefits pursuant to an election form that is designed to be easily understood by an Eligible Participant, and shall be provided with sufficient information, including precise dollar amounts for each form of benefit, such that each Eligible Participant may make the best decision for himself or herself personally:

> (1) a lump sum equal to the lump sum Settlement Benefit amount which is set forth on the Plan of Allocation, which may be rolled over to a qualified tax-advantaged rollover account (qualified plan or IRA), subject to applicable IRS minimum required distribution rules for retirees over age 70-1/2;

> (2) A single-life annuity if the Eligible Participant is not married or a joint and 50% or 75% survivor annuity (in each case without a pop-up feature) if the Eligible Participant is married, each in a monthly amount that is set forth in the Plan of Allocation and is actuarially equivalent to the lump sum, determined using the Plan's section 417(e) factors in effect as of the commencement date for the Settlement Benefit;

> (3) a monthly annuity payable while the Eligible Participant and his or her beneficiary are both alive, with the survivor percentage previously elected at retirement payable to the beneficiary if the beneficiary survives the Eligible Participant, but reduced to zero if the beneficiary dies before the Eligible Participant, in a monthly amount that is set forth in the Plan of Allocation and is actuarially equivalent to the lump sum, determined using the Plan's section 417(e) factors in effect as of the commencement date for the Settlement Benefit; or

> (4) a lump sum equal to the Retroactive Charge Amount, with the

20

remainder paid in the annuity form in which the Eligible Participant's Plan benefit is being paid as of July 1, 2019, except that such annuity is reduced to zero if the beneficiary dies before the Eligible Participant. The monthly annuity amount is set forth in the Plan of Allocation and is determined by (a) subtracting the Retroactive Charge Amount from the lump sum Settlement Benefit and (b) converting the remainder to the annuity form using the Plan's section 417(e) factors in effect as of the commencement date for the settlement benefit.

(5) An Eligible Participant shall not be permitted to defer commencement or lump sum payment past the later of July 1, 2019, or the Eligible Participant's normal retirement date under the Plan. If an Eligible Participant defers commencement/payment past July 1, 2019, the only permitted payment form shall be the annuity form described in paragraph (2) above; provided that if the Settlement does not become Final by July 1, 2019, each Eligible Participant shall be permitted to elect commencement/payment retroactive to July 1, 2019, in which case the Eligible Participant would receive a make-up payment equal to the sum of the missed payments since July 1, 2019, plus Interest. Notwithstanding the foregoing, in the event of an appeal, interest shall be calculated from the date of Final Judgment in accordance with paragraph f, below.

b.      Payment of Settlement Benefits to Eligible Participants Not Yet in Pay Status as of October 1, 2018. Active and terminated Eligible Participants who entered pay status after October 1, 2018 or have not yet elected a retirement benefit option and are therefore not yet in pay status will receive a Settlement Benefit allocation only if they chose/choose an optional form of benefit that includes a charge for the pop-up feature. The Eligible Participant's allocation

21

will reduce the pop-up charge to be used in the calculation of the Eligible Participant's monthly benefit by 75%, determined as of their commencement date. Such allocation shall be included in the Eligible Participant's monthly benefit. If the Eligible Participant entered pay status after October 1, 2018, but before the entry of Final Judgment, Defendants shall recalculate the Eligible Participant's monthly benefit to include the settlement allocation as of the Eligible Participant's benefit commencement date and provide a make-up payment for prior months since the benefit commencement date equal to the Eligible Participant's allocation for each such prior month plus Interest; if the Eligible Participant dies before the make-up payment is made, such make-up payment shall be made to his or her Eligible Beneficiary.

c. Time and Form of Payment of Settlement Benefits to Eligible Beneficiaries. If an Eligible Participant commenced payment of his or her monthly Plan benefit before October 1, 2018, and dies before the Initial Payment Date, such Eligible Participant's allocation of the Settlement Benefit shall be paid to his or her Eligible Beneficiary. The Settlement Benefit will be paid to the Eligible Beneficiary as of the Initial Payment Date as a lump sum .Where the Eligible Beneficiary is the Eligible Participant's spouse, the lump sum may be rolled over to a qualified tax- advantaged rollover account (qualified plan or IRA ), subject to IRS minimum required distribution rules for surviving spouses, or, if the Eligible Beneficiary is the Eligible Participant's spouse or is otherwise receiving a death benefit under the Plan, at the Eligible Beneficiary's option, the Eligible Beneficiary's Settlement Benefit may be paid in a single-life annuity that is actuarially equivalent to the lump sum (determined using the Plan's Section 417(e) Factors for benefits commencing as of the commencement date for the settlement annuity).

22

d. If an Eligible Beneficiary dies after Final Approval but before his or her benefit commencement date, the Eligible Beneficiary's estate will be entitled to receive the Eligible Beneficiary's Settlement Benefit in the form of a lump sum distribution as of the later of the Initial Payment Date or the first day of the second calendar month that begins after the Plan is notified of the Eligible Beneficiary's death.

e. Time and Form of Payment of Settlement Benefits to Eligible Estate Representatives. If the Settlement Benefit is payable to an Eligible Participant's or Eligible Beneficiary's estate, payment shall be made to the Eligible Estate Representative as of the Initial Payment Date in the form of a lump sum distribution.

f. If Settlement Does Not Become Final. If the District Court has entered the Final Judgment but the Effective Date has not occurred due to an appeal, interest shall accrue on missed payments for each Eligible Participant who entered pay status on or before October 1, 2018, and elects to commence payment as of July 1, 2019, at the rate established pursuant to 28 U.S.C. § 1961.

g. Payment Mechanisms and Tax Obligations. The Plan Amendment shall provide for the payment of Settlement Benefits from the Plan as additional retirement benefits. The Fee Award and Case Contribution Award shall be paid by Solvay as per the terms of this Agreement. Defendants shall have no responsibility for any taxes due on the Fee Award and Case Contribution Award once paid. The Plan shall be responsible for its own tax reporting obligations with respect to all payments made from the Plan pursuant to this Agreement and the Plan Amendment, and for determining and processing the amount of tax withholdings (if any) required from all such payments. Defendants believe in good faith that, for federal tax purposes,

23

they are not obliged to report any portion of the award of attorneys' fees or costs hereunder as gross income to any Class Member.

h.    Tax Qualification of Distributions.    The Parties recognize that payments contemplated under this Agreement are intended to be made from a tax-qualified defined benefit pension plan, and that the sponsor and fiduciaries of the Plan will take reasonable measures, as appropriate, to ensure that the payments contemplated under this Agreement satisfy the tax-qualification requirements of the Code. This Agreement is not intended to require any Party to perform an unlawful act or an act that would violate the tax-qualification requirements of the Code, but to the extent that the Agreement unambiguously purports to require such an act, the Parties agree to amend the Agreement so as to bring it into conformity with the law and/or tax-qualification requirements of the Code in the manner that best effectuates, to the extent possible under applicable law, the intent of the Agreement as expressed in its written terms

i.    Administration. The Plan Administrator shall have the authority and discretion to make all decisions necessary for the orderly implementation and administration of the Plan as amended by the Plan Amendment. The Plan Administrator of the Plan may, in its discretion, provide for reasonable rules and procedures, including claims procedures, to determine and govern the payment of any Settlement Benefits to Eligible Estate Representatives, consistent with the Agreement.

j.    Special Circumstances. In any case in which (i) an Eligible Participant or Eligible Beneficiary is deceased; (ii) there is a dispute relating to the Settlement Benefit to which a Class Member is entitled as a result of this Agreement or the  Plan Amendment; (iii) the Settlement Benefit is to be allocated between the Class Member and any alternate payee pursuant to a qualified domestic relations order; (iv) the  Class Member's distribution is subject to a lien or

24

garnishment; or (v) similar or other circumstances occur that are beyond the Plan or Plan Administrator's control and that impair the Plan's ability to pay Settlement Benefits to a Class Member by the Initial Payment Date, the Plan and Plan Administrator shall not be in default of its obligations to commence distributions by the Initial Payment Date, so long as it has made reasonable efforts to make payment after such period to the Class Member and/or alternate payee, or to the estate or other appropriate representatives of any deceased Class Member. If a dispute arises between two or more individuals claiming an entitlement to the same Settlement Benefits provided under this Agreement, Defendants shall take such steps as they would otherwise take for any other dispute of similar nature under the Plan. To the extent the Plan, Defendants, Named Plaintiff or Class Counsel are named as parties in an interpleader action or otherwise incur attorney's fees, they may apply for attorneys' fees and costs, which, *inter alia*, may be paid out of the funds that are subject to an interpleader action or shall be paid by the parties disputing the benefits that are subject to the interpleader action. Neither the Plan nor the Company nor Named Plaintiff nor Class Counsel shall be responsible for any attorneys' fees or costs incurred by any party to an interpleader action.

## IV.    RELEASE

**4.1    Release.** In addition to and without limitation of the preclusive effect of the Final Judgment, upon Final Approval, Named Plaintiff and each Class Member shall thereupon be deemed to expressly forever waive, release and discharge the Released Parties from any and all actions, causes of action, claims, demands, liability, obligations, promises, rights and suits whatsoever, whether equitable, legal or administrative, whether arising under Federal, state, local or foreign law, whether based on statute, ordinance, regulation, constitutional provision, common law, contract, the terms of the Retirement Plan, or any other source, whether known or unknown,

25

asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that arise out of the same facts and circumstances that were asserted in the Action or in the Proposed Second Amended Complaint or that could have been asserted based on the facts alleged in the Action or the Proposed Second Amended Complaint, up through the date of execution of this Agreement. For avoidance of doubt, any matters that arise out of the same facts and circumstances that were asserted in the Action or the Proposed Second Amended Complaint or that could have been asserted based on the facts alleged in the Action or the Proposed Second Amended Complaint include claims related to the implementation of a charge for the pop-up feature of the optional joint and survivor benefit forms under the Plan, and Defendants' acts or omissions in connection therewith and claims related to alleged violations of ERISA's claims procedures, written plan requirements, disclosure requirements, and requirements to provide summaries of material modifications. Notwithstanding the previous sentence, nothing in the Final Settlement shall release the Released Parties from Class Members' claims for benefits based on allegations that the Plan made an Individual Mistake as to an individual's claim for benefits the intent being to preserve an individual Class Member's rights to challenge an individual issue as to calculation of his or her benefits in accordance with the terms of the Plan or this Agreement, as applicable. The releases herein given shall be and remain in effect as a full and complete release of such matters covered hereunder notwithstanding the discovery of any additional claims, defenses, or facts relating thereto.

**4.2    Action to Enforce Agreement.**  Nothing herein shall preclude any action to enforce the terms of this Agreement.

## V.    MISCELLANEOUS

26

**5.1    No Effect on the Plan.** Other than as specifically provided for in the Plan Amendment, nothing in this Agreement is intended to modify Defendants' rights and obligations with respect to the Plan or to modify, waive or release any Class Member's entitlement or non-entitlement to participate in or receive benefits under the terms of the Plan.

**5.2    Purpose of Settlement.** This Agreement is being entered into by the Parties solely to settle and compromise any and all disputes among the Parties as described more fully herein. This Agreement, including the furnishing of consideration and the agreement not to prosecute certain claims, is not an admission of any liability of any kind by Defendants or an admission by the Class concerning the merits, or lack thereof, of any of the claims set forth in the Action.

**5.3    Cooperation Among the Parties.** The Parties shall cooperate fully with each other and shall use their best efforts to obtain, and shall not engage in any conduct to prevent, District Court approval of this Agreement and all its terms. The Parties shall cooperate fully with each other and shall use their best efforts to implement this Agreement thereafter, including exchanging information on status and timing of settlement payments as reasonably requested.

**5.4    Responsibility for Inquiries of Class Members Regarding Benefits.** Before Final Approval only Class Counsel shall respond to questions from any Class Member concerning that Class Member's status, eligibility, or benefit under this Agreement. After Final Approval either Party may respond to questions from any Class Member concerning that Class Member's status, eligibility, or benefit under this Agreement. The responses provided by any Party to such questions shall not create or establish any liability of the Parties or of the Released Parties that is not specified in this Agreement. Any communications made are limited by the provisions of this paragraph.

27

**5.5    Publicity.**  Prior to the date that this Agreement is filed with the District Court, the Parties shall not initiate any communication with the media concerning the Settlement or this Agreement.  In the event any representative of the media initiates an inquiry prior to the date this Agreement is filed with the District Court regarding the Settlement or this Agreement, the Parties agree to respond by referring the media to the Company's publicly disclosed securities filings.

**5.6    Entire Agreement.**  No representations, warranties, or inducements have been made to any of the Parties to this Agreement, other than those representations, warranties, and covenants contained in this Agreement.  This Agreement constitutes the entire agreement among the Parties regarding the subject matter addressed herein, and all prior and contemporaneous negotiations and understandings among the Parties (including the Settlement Term Sheet) shall be deemed merged into this Agreement.  No waiver, modification, or amendment of the terms of this Agreement, made before or after the District Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment, and subject to any required District Court approval.

**5.7    Construction of Agreement.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement, and therefore the terms of this Agreement may not be construed against any Party by virtue of draftsmanship.

**5.8    Arm's-Length Transaction.**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions in their exact form are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

28

**5.9     Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, and their respective heirs, successors, and assigns. The individuals signing this Agreement on behalf of Defendants hereby represent and warrant that they have the power and authority to enter into this Agreement on behalf of Defendants, on whose behalf they have executed this Agreement, as well as the power and authority to bind Defendants to this Agreement. Class Counsel executing this Agreement represents and warrants that it has the power and authority to enter into this Agreement on behalf of and the certified Class, and, subject to court approval of the Class modification and approval of the Agreement, to bind Participants, Beneficiaries, and the Class to this Agreement.

**5.10    Waiver.** Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the provisions of this Agreement and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all the provisions of this Agreement.

**5.11   Remedy for Breach.** After Final Approval, the only remedy for a breach of this Agreement shall be to petition the District Court for specific performance and/or compensatory damages and/or such other legal and/or equitable relief for the breach as may be available under applicable law.

**5.12    When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution by Defendants or their counsel and by Class Counsel. The Parties may execute this Agreement in counterparts, and execution in one or more counterparts shall have the same force and effect as if all Parties had signed the same instrument.

29

**5.13 Notices.** Any notice, demand or other communication under this Settlement Agreement (other than notices to the Settlement Class) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered mail (postage prepaid), or delivered by reputable express overnight courier:

> IF TO NAMED PLAINTIFF:
> Charles J. Stiegler
> STIEGLER LAW FIRM LLC
> 318 Harrison Ave., Suite 104
> New Orleans, La. 70124
> (504) 267-0777 (telephone)
> (504) 513-3084 (fax)
> Charles@StieglerLawFirm.com

> IF TO DEFENDANTS:
> Tulio Chirinos
> Proskauer
> 650 Poydras Street, Suite 1800
> New Orleans, LA 70130
> (504) 310-4088 (telephone)
> (504) 310-2022 (fax)
> tchirinos@proskauer.com

Any Party may change the address at which it is to receive notice by written notice delivered to the other Parties in the manner described above.

**5.14 No Third-Party Beneficiaries.** This Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty, obligation, or undertaking established herein to, any third party as a beneficiary to this Agreement except as otherwise provided in Articles III ("Benefits") and IV ("Release") hereof.

30

**5.15   Further Acts.** Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**5.16   Captions.** The captions or headings of the articles and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**5.17   Continuing Jurisdiction.** The District Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement, as well as any and all matters arising out of, or related to, the interpretation, implementation, and enforcement of the Final Settlement or this Agreement. Without regard to the previous sentence, however, any court may dismiss a Released Claim if such claim is asserted in such court.

**5.18   Controlling Law.** This Agreement shall be governed by Federal statutory and common law.

**5.19   Facsimile Signatures.** Any Party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile or PDF and electronic mail to all counsel. Any signature made and transmitted by facsimile or PDF and electronic mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party transmitting the signature by facsimile or PDF and electronic mail.

Agreed to on Behalf of the Class

31

Dated __1/28/2020__ By _____
                                        Charles Stiegler


Agreed to on Behalf of Defendants


Dated _____ By _____

Dated _1/28/2020_ By _____

Charles Siegler

Agreed to on Behalf of Defendants

Dated _1/30/2020_ By _____

Stacey C. S. Cerrone

32

## CHANGE OF INFORMATION FORM

*Claudet v. Cytec Retirement Plan, et al.*, No. 17-cv-10027-EEF-JVM (E.D. La.)

**IF YOU RECEIVED AN INDIVIDUALIZED NOTICE ADDRESSED TO YOU AND YOUR ADDRESS IS CORRECT ON THE NOTICE, YOU DO NOT NEED TO FILL OUT THIS FORM**

**IF THE ADDRESS ON THE NOTICE IS INCORRECT OR IF THE PERSON TO WHOM THE NOTICE IS ADDRESSED HAS DIED, YOU MUST FILL OUT THIS FORM TO RECEIVE SETTLEMENT BENEFITS.**

### I. General Instructions

1.     If your mailing address is different than the address listed on the Notice you must complete and mail this "Change of Information Form" postmarked on or before_____.(30 days after Notice is mailed)

2.     Processing of Settlement Benefit payments and final approval of the Settlement by the Court may take a significant period of time, as explained in the Notice. If you move after you receive the Notice, you should fill out this "Change of Information Form" within 30 days after moving to ensure you receive your settlement benefits.

3.     If the Participant or Beneficiary to whom the Notice was directed has died and if you are the surviving spouse or, if none, the estate representative of such person, you must complete and mail this "Change of Information Form" postmarked on or before _____(30 days after Notice is mailed) and you must provide the Retirement Plan Administrator with a death certificate and other documentation such as a marriage certificate, will or trust agreement that establishes your right to receive Settlement Benefits on behalf of the person who is deceased.

4.     Please make sure the information on this Change of Information form is legible. We may need to contact you if we need additional information.

5.     Your completed Change of Information Form and documentation if required should be mailed to:

**[Retirement plan administrator]**
P.O. Box and address to be provided

6.        Please check below to indicate the change you are reporting on this Form:

_____        Change of mailing address (complete Section A only)

_____        Death of Participant or Beneficiary (complete Section A and Section B and provide the appropriate documentation when you return the form)

**SECTION A**

**Everyone who submits this Change of Information Form must complete this Section A, noting any changes below.**

**If you are the surviving spouse or estate representative of the Participant or Beneficiary to whom Notice was directed, you must also complete Section B and provide a death certificate and other documentation such as a will or trust agreement that establishes your right to receive Settlement Benefits on behalf of the person that is deceased.**

Your Name: _____

Last Four Numbers of Social Security Number: _____

Your Date of Birth:  _____

Your telephone number(s):

Home: (_____)_____

Cell: (_____)_____

Work: (_____)_____

May we call you at work?____Yes____No

Your current Email Address: _____

Your current mailing address:

_____

_____

2

**SECTION B**

**If the person to whom the Notice is directed has died, you must also complete the following additional information. You MUST provide a death certificate for the Participant and Beneficiary, and documentation such as a marriage certificate, will or trust agreement that establishes your right to receive the Settlement Benefits on behalf of that Person. These documents must accompany this Form when you mail it back.**

**We MUST also have your Social Security Number or a Trust Tax Identification Number to ensure proper payment is made:**

Name of Person to whom the Class Notice was directed:

_____

Your Relationship to Person to whom the Class Notice was directed:

_____

Date of Birth of Person to whom the Class Notice was directed:

_____

Date of Death of Person to whom the Class Notice was directed:

_____

Last Known Address of Person to whom the Class Notice was Directed:

_____

Last Four Numbers of  Social Security Number of Person to whom the Class Notice was directed:

_____

If the Person to whom the Class Notice was directed was married (and not divorced) on the date of death, please provide the following information for that person regarding that person's surviving spouse on the date of death:

      Name of that Person's spouse on the Person's date of death:

      _____

      Is that Person's surviving spouse still alive?

      _____ Yes          _____No

If no, please provide the date of death for the surviving spouse of the Person to whom the Class Notice was directed: _____

Social Security Number of the surviving spouse of the Person to whom the Class Notice was directed: _____

Date of Birth of the surviving spouse of the Person to whom the Class Notice was directed: _____

Current Mailing Address of the surviving spouse of the Person to whom the Notice was directed (if different from the address you provided in Section A):
_____
_____

Were you appointed executor, administrator or personal representative by a court?

_____ Yes_____No

If yes, provide the date you were appointed, the name of the Court, the location of the Court and the Case Number and provide a copy of the Court order appointing you executor or administrator of the estate or personal representative:

_____

_____

If you are an estate representative, provide the name of the trust or estate, and the trust or estate Federal tax identification number of the Person to whom the Class Notice was directed:

_____

**BE SURE TO ENCLOSE A COPY OF THE DEATH CERTIFICATE OF THE PERSON TO WHOM THE CLASS NOTICE WAS DIRECTED.**

**IF THE PERSON TO WHOM THE CLASS NOTICE WAS DIRECTED HAD A SURVIVING SPOUSE ON THE DATE OF DEATH AND THE SURVIVING SPOUSE IS ALSO DECEASED, YOU MUST ALSO ENCLOSE A COPY OF THE SURVIVING SPOUSE'S DEATH CERTIFICATE.**

**YOU MUST ALSO PROVIDE COPIES OF DOCUMENTATION SUCH AS A MARRIAGE CERTIFICATE OR WILL OR TRUST AGREEMENT**

**ESTABLISHING YOUR RIGHT TO RECEIVE SETTLEMENT BENEFITS ON BEHALF OF THE PERSON TO WHOM THE CLASS NOTICE WAS DIRECTED.**

**YOUR REQUEST FOR SETTLEMENT BENEFITS MAY BE DELAYED OR DENIED IF YOU DO NOT PROVIDE WITH YOUR CHANGE OF INFORMATION FORM COPIES OF ALL APPROPRIATE DOCUMENTS RELATED TO YOUR RIGHT TO RECEIVE BENEFITS ON BEHALF OF THE DECEASED PERSON EITHER BY SHOWING THAT YOU ARE THE SURVIVING SPOUSE OR IF THE SURVIVING SPOUSE IS ALSO DECEASED, THAT YOU SERVE AS THE EXECUTOR, ADMINISTRATOR OR PERSONAL REPRESENTATIVE OF THE ESTATE.**

**If you are completing Part B, you must sign below:**

**Under penalty of perjury, I confirm that the foregoing is true and correct to the best of my information and belief.**

_____          Dated: _____
**Signature**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| AMAN JOSEPH CLAUDET JR., individually and on behalf of all others similarly situated; | Civil Action No. 17-10027-EEF-JVM |
| Plaintiffs, | Judge Eldon Fallon |
| v. | Mag. Judge Janis van Meerveld |
| CYTEC RETIREMENT PLAN, CYTEC INDUSTRIES INC., and SOLVAY USA, INC., | CLASS ACTION |
| Defendants. | |

**NOTICE OF CLASS ACTION SETTLEMENT**

**A federal court has authorized this Notice. This is not a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE CAREFULLY**

**To:    [Name]**
        **[Address ]**

You are receiving this Notice because you are a retired participant under the Retirement Plan of Cytec Industries (the Plan) whose monthly benefits were reduced to account for a charge for the "pop-up" feature of the benefit. As a result if the settlement is approved by the Court, you will be entitled to settlement benefits from this class action lawsuit. You should read this Notice carefully.

In no event will anyone's current or future retirement benefits, including the pop-up feature, be reduced by this settlement.

1

Here is a brief explanation of the settlement:

- For most payment options, the Plan contains a "pop-up" feature for married retirees, or other retirees who designate a beneficiary who will continue receiving benefits after the retiree's death. Under the "pop-up," if the spouse (or other beneficiary) predeceases the retiree, the retiree's monthly benefit will increase to the amount he or she would have received if he or she had chosen a single life annuity. The "pop-up" only applies to certain types of benefit payment options.

- Beginning in 2016, the Plan started reducing the monthly benefits of people already retired who selected the Plan's optional joint and survivor annuity options other than the Plan's qualified 50% joint and survivor annuity option for married participants, asserting that the reduction represented a charge for the "pop-up" feature for certain types of benefit payment options. Plaintiff believes that this charge is not appropriate under the Plan. This lawsuit challenged the imposition of that charge.

- As the result of a settlement, the Defendants have agreed to provide benefits worth approximately $1,825,000 to all persons whose benefits were reduced as a result of the charge and all retirees who, after October 1, 2018, would be or were subject to such charge by electing certain optional benefit payment forms that include a charge for the pop-up.

- The settlement resolves the lawsuit over Cytec's imposition of charges for the pop-up feature. The settlement avoids costs and risks from continuing the lawsuit, pays additional retirement benefits to retirees who have had a charge for the pop-up feature, and releases Cytec, Solvay USA, Inc. and the Plan from liability for claims related to imposing charges for the pop-up features.

- Separate and apart from the estimated $1,825,000 in settlement benefits, subject to approval by the Court, the Defendants have agreed to pay $350,000 for attorneys' fees and $37,000 in expenses to be paid by the Plan and Solvay, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on whether Cytec, Solvay and the Plan would be found liable at trial for

2

imposing charges for the pop-up feature on optional forms of benefits.

• Your legal rights are affected whether you act, or don't act.  Read this notice carefully.

**Your Legal Rights and Options in this Settlement**

| | |
|---|---|
| • If You Do Nothing | • You will receive payment if you are receiving retirement benefits as of October 1, 2018 and you elected a benefit payment option that has a charge for the pop-up feature. If the settlement is approved, you will receive a form in which you can choose how the settlement benefit will be paid to you. The forms of payment are described in response to questions 7 and 8 below. NOTE: You are receiving this notice because Cytec/Solvay records indicate you are included in the group affected. |
| • If You Object | • Write to the Court about why you don't like the settlement |
| • If You Go to The Fairness Hearing | • Ask to speak in Court about the fairness of the settlement |

• These rights—**and the deadlines to exercise them**—are explained in this notice.

• The Court in charge of this case still has to decide whether to approve the settlement.

• Payments will be made if the Court approves the settlement and after the time to appeal has passed or any appeal is resolved. Please be patient.

**What this Notice Contains**

Your Legal Rights and Options in this Settlement..........................................................................3

What this Notice Contains...........................................................................................................4

BASIC INFORMATION...............................................................................................................5

1.   Why did I get this notice?..................................................................................................5

2.   What is this lawsuit about?................................................................................................6

3.   Why is this a class action?................................................................................................6

4.   Why is there a settlement?................................................................................................6

5.   How do I know if I am part of the settlement?..................................................................7

6.   I'm still not sure if I am included......................................................................................7

THE SETTLEMENT BENEFITS—WHAT YOU GET................................................................8

7.   What does the settlement provide?....................................................................................8

8.   How much will my payment be?.......................................................................................8

9.   What are the payment options if the participant is deceased?...........................................9

HOW YOU GET A PAYMENT..................................................................................................10

10.   How can I get a payment?...............................................................................................10

11.   What are my payment options?.......................................................................................11

12.   When will I receive my payment?...................................................................................11

13.   What am I giving up if the settlement is approved by the Court?....................................11

THE LAWYERS REPRESENTING YOU...................................................................................12

14.   Do I have a lawyer in this case?......................................................................................12

15.   How will the lawyers be paid?........................................................................................12

OBJECTING TO THE SETTLEMENT.......................................................................................12

16.   How do I tell the Court I don't like the settlement?........................................................12

THE COURT'S FAIRNESS HEARING......................................................................................13

17.   When and where will the Court decide whether to approve the settlement?.....................13

18.   Do I have to come to the hearing?...................................................................................13

19.   May I speak at the hearing?.............................................................................................14

GETTING MORE INFORMATION............................................................................................14

20.   Are there more details about the settlement?...................................................................14

21.   How do I get more information?......................................................................................14

**BASIC INFORMATION**

**1.    Why did I get this notice?**

According to Cytec/Solvay records you or your spouse (or a deceased Plan retiree who designated you as a beneficiary under the terms of the Plan) elected a joint and survivor annuity with a "pop-up" feature, and a charge for that feature was imposed that had the effect of reducing your monthly benefits payment. The pop-up is a Plan feature that provides that, if the retiree chose a joint and survivor annuity option and if the spouse or designated beneficiary under the annuity option dies before the retiree dies, the retiree's monthly benefit will "pop-up" to the amount the retiree would have received if the retiree had chosen a single life annuity form of benefit. There is no charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants.  Prior to 2016, the Plan did not impose a "pop-up" charge for other forms of benefit payment, either. However, beginning in 2016, the Plan reduced the monthly benefits of certain persons already retired to reflect what the Plan claimed was the amount that should have been charged on a monthly basis for the pop-up under the optional joint and survivor annuity forms of benefit.

The Court ordered that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your rights, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, what settlement benefits are available, who is eligible for them, and how they will be paid.

The Court in charge of the case is the United States District Court for the Eastern District of Louisiana, The person who sued (Aman Joseph Claudet, Jr.) on behalf of a class of similarly situated Plan participants is called the "Plaintiff," and the entities he sued (the Cytec Retirement Plan, Cytec Industries Inc., and Solvay USA, Inc.), are called the "Defendants."

5

**2.     What is this lawsuit about?**

The lawsuit claims that Defendants violated the federal pension law known as the Employee Retirement Income Security Act (ERISA) and the terms of the Plan when it began imposing a charge for the pop-up feature on joint and survivor benefits other than the 50% qualified joint and survivor benefit for married participants. Until 2016, in determining the monthly benefit amount, Defendants did not compute a pop-up charge for any of the benefits that had a pop-up feature. In 2016, Defendants recomputed the benefit amount for those already retired and started charging to account for the cost they computed for the pop-up. Defendants did not impose any charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants. The Plaintiff claims in the lawsuit that charging for the pop-up feature violated the terms of the Plan and ERISA. Defendants deny they did anything wrong.

**3.     Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case the Plaintiff), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members. U.S. District Judge Fallon is in charge of this class action and determined that the claims were similar enough to be decided on a class basis.

**4.     Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants. The Plaintiff thinks he could have won and have the charge for the pop-up eliminated. The Defendants think the "pop-up" charge is valid and that the Plaintiff would not have won anything in this case. But the Court has not ruled on the merits of the case and there has been no trial. Instead, both sides agreed to a settlement. That way, both sides avoid the risks, costs, and delay of proceeding with the litigation, and all the people affected by the pop-up charge will receive a settlement benefit if upon retirement or already retired, they elect or if already retired, have elected a joint and survivor annuity benefit that contains a charge for the pop-up. The

attorneys representing the Class ("Class Counsel") think the settlement is in the best interest of all Class Members.

**5.      How do I know if I am part of the settlement?**

Judge Fallon decided that everyone who fits the Class Description given below is a Class Member:

> All vested participants in the Plan who elected or have a right to elect an optional joint and survivor benefit and who are, were or would be subject to a reduction of monthly benefits as a result of the imposition of charges attributable to the cost of the "pop-up" feature under the Plan's optional joint and survivor benefits (and their Eligible Beneficiaries, if they are deceased or incompetent).

According to the records provided by Cytec/Solvay to Class Counsel, you are a class member. You should notify Class Counsel (see question 6.) immediately if you feel this is in error.

You are not a Class Member if you elected a 50% joint and survivor annuity option for married participants because you were never assessed any charge for the pop- up. You are only a Class Member if you elected a joint and survivor annuity option for which Defendants have decided to charge for the pop-up.

**6.      I'm still not sure if I am included**

If you are still not sure whether you are included, you can ask for help. You can call, write or email Class Counsel using the contact information below for more information:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

Christopher L. Williams
WILLIAMS LITIGATION LLC
639 Loyola Ave., Suite 1850
New Orleans, LA 70113

(504) 308-1438 (telephone)
(504) 308-1446 (fax)
Chris@williamslitigation.com

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**7.      What does the settlement provide?**

The settlement provides for benefits that are equal to at least 75% of the charge for the pop-up for the joint and survivor annuity option you elected. The total value of these settlement benefits is estimated to be $1,825,000.

**8.      How much will my payment be?**

You will receive a total settlement benefit based on 75% of the charge that was imposed for the pop-up with interest at 7.25% per annum, through the effective date of the Settlement plus at least 75% of the pop-up charge of your future benefit payments.

Your individual settlement benefits, and payment methods you may choose from, are listed below:

Your Settlement Benefits and Payment Methods available: Once the Court enters Final Judgment approving the settlement, the Plan will send you an election form so that you can elect one of the following payment methods. You need to fill out that form to make sure you receive the payment method of your choice:

**Method 1**: If you elect to receive your TOTAL settlement benefits in a lump sum, you will receive:  $_____,[plus interest from **July 1, 2019**]. If you are under age 70-1/2, this amount is eligible to be rolled over to an IRA or another employer's qualified plan.

**Method 2**: You may elect to receive your settlement benefit as a joint and 50% or 75% survivor annuity if you are married, or a single life annuity if you are not married.

If you elect a joint and 50% survivor annuity, you will receive $_____per month added to your monthly pension benefits. Should your spouse survive you, the ADDED amount paid to your spouse after your death would be $ _____per month. If your spouse predeceases you, your monthly settlement benefit will not

8

change, but your your original retirement benefit will be increased ("pop-up") to the single life annuity you would have received at the time you retired.

If you elect a joint and 75% survivor annuity, you will receive $_____per month added to your monthly pension benefits. Should your spouse survive you, the ADDED amount paid to your spouse after your death would be $ _____per month. If your spouse predeceases you, your monthly settlement benefit will not change, but your original retirement benefit will be increased ("pop-up") to the single life annuity you would have received at the time you retired

If you are not married, you may elect to receive your settlement benefit as a single life annuity. If you elect this form, you will receive $_____ per month added to your monthly pension benefits; under this form, no settlement payments will be made after your death. Your original retirement benefit will be paid in accordance with the option you chose when you retired.

**Method 3**: You may elect to receive a separate lump sum payment for 75% of the PAST charges for the pop-up with interest at 7.25% per annum PLUS 75% of the pop-up charge added to your monthly benefits going forward. If you elect this form you will receive $_____in a lump sum (eligible for rollover if you are under age 70 1/2), [plus interest from **July 1, 2019**], and $_____added to your monthly pension benefit payment. If your spouse predeceases you, your ADDED monthly settlement benefit will be reduced to zero and your monthly pension benefit will be increased ("pop-up") to the single life annuity you would have received at the time you retired.

**Method 4**: You may elect to receive the entire value of your settlement benefits in the form of benefit you elected when you retired (for example, a 75& or 100% joint and survivor annuity).  If you elect this form you will receive $_____per month added to your monthly pension benefits. If your spouse predeceases you, your ADDED monthly pension benefit will be reduced to zero and the monthly pension benefit you received when you retired will be increased ("pop up") to the single life annuity you would have received at the time you retired.

9.      **What are the payment options if the participant is deceased?**

If a retiree commenced payment of his or her monthly Plan benefit before October 1, 2018, and

dies before payment of settlement benefits is made, the retiree's settlement benefit will be paid to his or

her surviving spouse or designated beneficiary as a lump sum. Where the settlement benefit is made to a

surviving spouse, the lump sum may generally be rolled over to an IRA or qualified retirement plan if

permitted under IRS minimum required distribution rules for surviving spouses. If the settlement benefit

is paid to the surviving spouse or to someone who is otherwise receiving a death benefit under the Plan, at

the spouse or beneficiary's option, the settlement benefit may be paid as a single-life annuity.

If a surviving spouse or designated beneficiary dies before settlement benefits are paid, the estate of the surviving spouse or designated beneficiary will be entitled to receive the Eligible Beneficiary's Settlement Benefit in a lump sum. All payment amounts given are based on an effective date of July 1, 2019. If judgment and/or payment is delayed past that date, these amounts will be adjusted with interest to account for the delay.

**HOW YOU GET A PAYMENT**

**10.     How can I get a payment?**

You do not have to do anything in order to receive settlement benefits if you are eligible. However, if you had already retired as of October 1, 2018, you should complete an election form that the Plan will send you once the settlement is preliminarily approved so that you can receive your settlement benefit in the payment method of your choice (see payment methods under Question 8). If you <u>do not return an election form within the time specified</u>, your settlement benefit will be paid as a 50% qualified joint and survivor benefit (if you are married) or a single life annuity (if you are not married). You should be aware that this method may result in a separate monthly settlement benefit payment.

It is important that you let the Plan know where you are so you can receive the proper information. If this notice was sent to you at the wrong address, or if you move, please let the Plan Administrator know right away. You can let the Plan Administrator know your new address by calling the following phone number: _____.

If this Notice was sent to a Class Member who is now deceased, the Class Member's surviving spouse or eligible beneficiary, or if there is none, the Participant's estate, may be entitled to a settlement payment. Please contact the Plan Administrator to find out whether you are eligible to receive a deceased Class Member's settlement benefit, and to obtain the appropriate paperwork, by calling the following

phone number:_____.

**11.     What are my payment options?**

If you were already retired as of October 1, 2018 and had a pop-up charge imposed on your optional forms of benefit, you will receive an election form that you should complete in order to receive your settlement benefits according to the payment method of your choice. The payment methods you may choose from and the amounts (based on an effective date of July 1, 2019) associated with each choice are listed in response to question 9, above.

**12.      When will I receive my payment?**

The Court will hold a hearing to decide whether to approve the settlement.  If Judge Fallon approves the settlement, the settlement will become effective after the time to appeal has passed or all appeals have been resolved. Once the settlement becomes effective, the Plan will finalize settlement payment arrangements, in accordance with your choice, within 30 days, provided you have returned the election form within the time limit specified in the election form with all required documentation, if any. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You may contact Class Counsel whose information is set forth in response to question 6 for more information. Please be patient.

**13.     What am I giving up if the settlement is approved by the Court?**

If the settlement is approved by the Court, you will give up your right to sue or bring any action or proceeding challenging the imposition of the charge for the pop-up feature contested in this litigation and any claims directly related thereto. You will not give up any other, unrelated claims against the Plan or the other Defendants.

## THE LAWYERS REPRESENTING YOU

**14.    Do I have a lawyer in this case?**

The court has appointed two law firms to represent you and the other Class Members. These lawyers are called Class Counsel. Their contact information is set forth in response to question 6 above. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense

**15.    How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of $350,000 for attorneys' fees and $37,000 in costs and expenses to be paid separately by the Plan for attorneys' fees and expenses. Class counsel will also ask for payment of $5,000 to Mr. Claudet for his services as Class Representative. The attorneys' fees would pay for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Defendants will separately pay the fees, expenses and payments that the Court awards. These amounts will not reduce the amount of Class Members' settlement benefits. Defendants will also pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**16.    How do I tell the Court I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it and give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement. You must also state whether the objection applies only to you, to a specific subset of the Class or the whole Class. You must also state the specific grounds for your objection. Be sure to also include your name, address, telephone number and signature. Mail the objection to the following Class Counsel postmarked no later than [Insert Date]:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com


## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 17.    When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness  Hearing at___: ___m on [Insert date], at the United States District Court for the Eastern District of Louisiana, 500 Poydras St., New Orleans, LA 70130, in Courtroom C468. This date, time and location may be changed by the Court so if you plan on attending, please contact Class Counsel to confirm the date, time and location of the Fairness Hearing. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Fallon may also listen to people who have asked to speak at the hearing. The Court may also decide whether to approve Class Counsel's fee application and the case contribution award to the Named Plaintiff. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 18.    Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Fallon may have. But, you are welcome to come at your own expense. There is no obligation for you to come to Court even if you file an objection. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

13

**19.      May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send or file a letter with the Court saying that it is your "Notice of Intention to Appear in *Claudet v. Cytec.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[Insert date],** and filed with the Court or sent to Class Counsel at the following address:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**GETTING MORE INFORMATION**

**20.      Are there more details about the settlement?**

This notice summarizes the proposed settlement. All of the pleadings, including the complete settlement agreement, are also available on the Court's website for registered users of the Court's electronic filing system through the Public Access to Court Electronic Records (PACER) program. PACER Logins are available to the public at: https://www.pacer.gov/reg_pacer.html.

The Court's website and electronic filing system may be accessed at: www.laed.uscourts.gov/.

**21.      How do I get more information?**

**DO NOT CALL THE COURT OR THE DEFENDANTS ABOUT THIS NOTICE**.

Instead, if you have questions, you may contact Class Counsel whose contact information is listed in response to question 6.  They can help you determine whether you are a Class Member and whether you are eligible for a settlement benefit.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| AMAN JOSEPH CLAUDET JR., individually and on behalf of all others similarly situated; | Civil Action No. 17-10027-EEF-JVM |
| Plaintiffs, | Judge Eldon Fallon<br>Mag. Judge Janis van Meerveld |
| v. | CLASS ACTION |
| CYTEC RETIREMENT PLAN, CYTEC INDUSTRIES INC., and SOLVAY USA, INC., | |
| Defendants. | |

**NOTICE OF CLASS ACTION SETTLEMENT**

**A federal court has authorized this Notice. This is not a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE CAREFULLY**

To: [Name]

[Address ]

You are receiving this Notice because you are a vested participant under the Retirement Plan of Cytec Industries (the Plan). As a result, you are a member of a class action lawsuit and may become entitled to settlement benefits. You should read this Notice carefully.

**When you retire, you are entitled to elect to have your benefits paid in one of several optional forms. If you elected, or in the future elect, an optional joint and survivor annuity benefit form that includes a charge for the "pop-up" feature, you are (or will be) entitled to settlement benefits from this class action lawsuit.**

1

**In no event will anyone's current or future retirement benefits, including the pop-up feature, be reduced by this settlement.**

Here is a brief explanation of the settlement:

- For most payment options the Plan contains a "pop-up" feature for married retirees, or other retirees who designate a beneficiary who will continue receiving benefits after the retiree's death. Under the "pop-up," if the spouse (or other beneficiary) predeceases the retiree, the retiree's monthly benefit will increase to the amount he or she would have received if he or she had chosen a single life annuity. The "pop-up" only applies to certain types of benefit payment options.

- Beginning in 2016, the Plan started reducing the monthly benefits of people already retired, who selected the Plan's optional joint and survivor annuity options other than the Plan's qualified 50% joint and survivor annuity option for married participants, asserting that the reduction represented a charge for the "pop-up" feature for certain types of benefit payment options. Plaintiff believes that this charge is not appropriate under the Plan. This lawsuit challenged the imposition of that charge.

- As the result of a settlement, the Defendants have agreed to provide benefits worth approximately $1,825,000 to all persons whose benefits were reduced as a result of the charge and all retirees who, after October 1, 2018 would be or were subject to such charge by electing certain optional benefit payment forms that include a charge for the pop-up.

- The settlement resolves the lawsuit over Cytec's imposition of charges for the pop-up feature. The settlement avoids costs and risks from continuing the lawsuit, pays additional retirement benefits to retirees who have had a charge for the pop-up feature, and releases Cytec, Solvay USA, Inc. and the Plan from liability for claims related to imposing charges for the pop-up features.

- Separate and apart from the estimated $1,825,000 in settlement benefits, subject to approval by the Court, the Defendants have agreed to pay $350,000 for attorneys' fees and $37,000 in expenses to

2

be paid by the Plan and Solvay, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on whether Cytec, Solvay and the Plan would be found liable at trial for imposing charges for the pop-up feature on optional forms of benefits.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

**Your Legal Rights and Options in this Settlement**

| | |
|---|---|
| If You Do Nothing | If, when you retire, you decide to have your benefits paid in a joint and survivor annuity optional benefit form that includes a charge for the pop-up feature, this settlement will provide a settlement benefit of 75% of the charge for the pop-up that would otherwise be imposed, which will be added to your monthly retirement benefits. In other words, your monthly benefit determination under the Plan will only reflect 25% of the charge computed and applied to your monthly benefit for the pop-up feature of the Plan. If you retired after October 1, 2018 and elected a joint and survivor annuity optional benefit form that includes a charge for the pop-up feature, this settlement will provide a settlement benefit of 75% of the charge for the pop-up that would otherwise be imposed, which will be added to your monthly retirement benefits |
| If You Object | Write to the Court about why you don't like the settlement |
| If You Go to the Fairness Hearing | Ask to speak in Court about the fairness of the settlement |

- These rights—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If you are retired, your makeup payment for past charges and the upward adjustment to you monthly benefit payment, will be made if the Court approves the settlement and after the time to appeal has passed or any appeal is resolved. Please be patient.

**What this Notice Contains**

Your Legal Rights and Options in this Settlement                                    3

BASIC INFORMATION                                                                   5

1.   Why did I get this notice?                                                     5

2.   What is this lawsuit about?                                                    6

3.   Why is this a class action?                                                    6

4.   Why is there a settlement?                                                     6

5.   How do I know if I am part of the settlement?                                  7

6.   I'm still not sure if I am included.                                           7

THE SETTLEMENT BENEFITS—WHAT YOU GET                                                8

7.   What does the settlement provide?                                             8

8.   How much will my payment be?                                                  8

HOW YOU GET A PAYMENT                                                               9

9.   How can I get a payment?                                                       9

10.  When will I receive my payment if I have already retired or if I retire in the future?   9

11.  What am I giving up if the settlement is approved by the Court?               9

THE LAWYERS REPRESENTING YOU                                                       10

12.  Do I have a lawyer in this case?                                              10

13.  How will the lawyers be paid?                                                 10

OBJECTING TO THE SETTLEMENT                                                        10

14.  How do I tell the Court I don't like the settlement?                          10

THE COURT'S FAIRNESS HEARING                                                       11

15.  When and where will the Court decide whether to approve the settlement?       11

16.  Do I have to come to the hearing?                                             11

17.  May I speak at the hearing?                                                   12

GETTING MORE INFORMATION                                                           12

18.  Are there more details about the settlement?                                  12

19.  How do I get more information?                                                12

5

## BASIC INFORMATION

### 1. Why did I get this notice?

According to Cytec/Solvay records, you are an active or vested Plan participant who has not yet retired or who had not retired as of October 1, 2018 and who elected or may, upon retirement, elect an optional joint and survivor annuity with a "pop-up" feature.  The pop-up is a Plan feature that provides that if the retiree chooses a joint and survivor annuity option and if the spouse or designated beneficiary under the annuity option dies before the retiree dies, the retiree's monthly benefit will "pop-up" to the amount the retiree would have received if the retiree had chosen a single life annuity form of benefit. There is no charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants. Prior to 2016, the Plan did not impose a "pop-up" charge for other forms of benefit either. However, beginning in 2016, the Plan reduced the monthly benefits of persons already retired and will reduce the monthly benefits of persons not yet retired, to reflect what the Plan claimed was the amount that should have been charged on a monthly basis for the pop-up under the optional joint and survivor annuity forms of benefit.

The Court ordered that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your rights, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, what settlement benefits are available, who is eligible for them, and how they will be paid. The Court in charge of the case is the United States District Court for the Eastern District of Louisiana. The person who sued (Aman Joseph Claudet, Jr.) on behalf of a class of similarly situated Plan participants is called the "Plaintiff," and the entities he sued (the Cytec Retirement Plan, Cytec Industries Inc., and Solvay USA, Inc.), are called the "Defendants."

**2.      What is this lawsuit about?**

The lawsuit claims that Defendants violated the federal pension law known as the Employee Retirement Income Security Act (ERISA) and the terms of the Plan when it began imposing a charge for the pop-up feature on joint and survivor benefits other than the 50% qualified joint and survivor benefit for married participants. Until 2016, in determining the monthly benefit amount, Defendants did not compute a pop-up charge for any of the benefits that had a pop-up feature. In 2016, Defendants recomputed the benefit amount for those already retired and started charging to account for the cost they computed for the pop-up. Defendants did not impose any charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants. The Plaintiff claims in the lawsuit that charging for the pop-up feature violated the terms of the Plan and ERISA. Defendants deny they did anything wrong.

**3.      Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case the Plaintiff), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members. U.S. District Judge Fallon is in charge of this class action and determined that the claims were similar enough to be decided on a class basis.

**4.      Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants. The Plaintiff thinks he could have won and have the charge for the pop-up eliminated. The Defendants think the pop-up charge is valid and that the Plaintiff would not have won anything in this case. But the Court has not ruled on the merits of the case and there has been no trial. Instead, both sides agreed to a settlement. That way, both sides avoid the risks, costs, and delay of proceeding with the litigation, and all the people affected by the pop-up charge will receive a settlement benefit if upon retirement elect or, if already retired, have elected, a joint and survivor annuity benefit that contains a charge for the pop-up. The attorneys

representing the Class ("Class Counsel") think the settlement is fair and adequate and in the best interest of all Class Members.

**5.      How do I know if I am part of the settlement?**

Judge Fallon decided that everyone who fits the Class Description given below is a Class Member:

> All vested participants in the Plan who elected or have a right to elect an optional joint and survivor benefit and who are, were or would be subject to a reduction of monthly benefits as a result of the imposition of charges attributable to the cost of the "pop-up" feature under the Plan's optional joint and survivor benefits (and their Eligible Beneficiaries, if they are deceased or incompetent).

According to the records provided by Cytec/Solvay to Class Counsel, you are a Class Member. You should notify Class Counsel (see question 6) immediately if you feel this is an error.

You are a Class Member because you were or will be entitled in the future, upon retirement, to elect an optional form of benefit that includes a charge for the pop-up.  If you have not or do not, in the future, elect an optional form of benefit that includes a charge for the pop-up, you will not be assessed any charge for the pop-up and will not be entitled to Settlement Benefits. You are only entitled to Settlement Benefits  if you elect a joint and survivor annuity option for which Defendants have decided to charge for the pop-up.

**6.      I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for help. You can call, write or email Class Counsel using the contact information below for more information:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

Christopher L. Williams

WILLIAMS LITIGATION LLC
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
(504) 308-1438 (telephone)
(504) 308-1446 (fax)
Chris@williamslitigation.com

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**7.    What does the settlement provide?**

The settlement only affects you if, upon retirement, you elect (or after October 1, 2018, elected) a joint and survivor annuity option that contains a charge for the pop-up. If that is the case, you will receive a settlement benefit equal to 75% of the charge for the pop-up. In determining to settle this case, the parties reviewed the forms of benefits historically elected by participants and determined through their actuaries the likelihood and estimated cost of providing the settlement benefits to Plan participants who had not yet retired as of October 1, 2018. The parties' best estimate of the likely amount it will cost the Plan for those not yet retired as of October 1, 2018 is approximately $285,000. Whether or not this estimate turns out to be correct will not impact any Class Member's right under the settlement to receive an allocation of 75% of the charge for the pop-up under the optional joint and survivor annuities.

**8.    How much will my payment be?**

If, upon retirement, you select or you selected an optional joint and survivor annuity other than the 50% joint and survivor annuity option for married participants, you will receive a settlement benefit of 75% of the charge for the pop-up. The Plan will add this amount to your monthly benefit. The Plan will also tell you how much this is if you have already retired or if not, the Plan will tell you how much this is when you are making decisions on what benefit payment option to elect when you get ready to retire.

9

**HOW YOU GET A PAYMENT**

**9.      How can I get a payment?**

If you are a Class Member who elects a form of benefit that includes a charge for the pop-up, you will receive your settlement benefit automatically. You do not have to do anything in order to receive a settlement benefit payment.

If you retired after October 1, 2018, you will receive a make-up payment to reflect the amount of the settlement benefits from the date you retired to the date of payment of settlement benefits with interest. Thereafter, the settlement benefit payment will be added to your monthly pension benefits.

**10.     When will I receive my payment if I have already retired or if I retire in the future?**

The Court will hold a hearing to decide whether to approve the settlement. If Judge Fallon approves the settlement, the settlement will become effective after the time to appeal has passed or all appeals have been resolved. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You may contact Class Counsel whose information is set forth in response to question 6 for more information. Please be patient. Once the settlement becomes effective, if you have already retired, the Plan will pay your settlement benefits within 30 days. Thereafter, payment will be made when you retire and will be added to your monthly retirement benefits.

**11.     What am I giving up if the settlement is approved by the Court?**

If the settlement is approved by the Court, you will give up your right to sue or bring any action or proceeding challenging the imposition of the charge for the pop-up feature contested in this litigation and any claims directly related thereto. You will not give up any other, unrelated claims against the Plan or the other Defendants.

## THE LAWYERS REPRESENTING YOU

**12.      Do I have a lawyer in this case?**

The court has appointed two law firms to represent you and the other Class Members. These lawyers are called Class Counsel. Their contact information is set forth in response to question 6 above. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.      How will the lawyers be paid?**

Class counsel will ask the Court to approve payment of $350,000 for attorneys' fees and $37,000 in costs and expenses to be paid separately by the Plan for attorneys' fees and expenses. Class counsel will also ask for payment of $5,000 to Mr. Claudet for his services as Class Representative. The attorneys' fees would pay for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Defendants will separately pay the fees, expenses and payments that the Court awards. These amounts will not reduce the amount of Class Members' settlement benefits. Defendants will also pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**14.      How do I tell the Court I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it and give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement. You must also state whether the objection applies only to you, to a specific subset of the Class, or the whole Class. You must also state the specific grounds for your objection. Be sure to also include your name, address, telephone number and signature. Mail the objection to the following Class Counsel postmarked no later than [Insert Date]:

11

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**15.      When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at___: ___m on [Insert date], at the United States District Court for the Eastern District of Louisiana, 500 Poydras St., New Orleans, LA 70130, in Courtroom C468. This date, time and location may be changed by the Court so if you plan on attending, please contact Class Counsel so they can confirm the date, time and location of the Fairness Hearing. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Fallon may also listen to people who have asked to speak at the hearing. The Court may also decide whether to approve Class Counsel's fee application and the case contribution award to the Named Plaintiff. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**16.      Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Fallon may have. But, you are welcome to come at your own expense. There is no obligation for you to come to Court even if you file an objection. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

12

**17.     May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send or file a letter with the Court saying that it is your "Notice of Intention to Appear in *Claudet v. Cytec.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[Insert date],** and filed with the Court or sent to Class Counsel at the following address:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**GETTING MORE INFORMATION**

**18.     Are there more details about the settlement?**

This notice summarizes the proposed settlement. All of the pleadings, including the complete settlement agreement, are also available on the Court's website for registered users of the Court's electronic filing system through the Public Access to Court Electronic Records (PACER) program. PACER Logins are available to the public at:  https://www.pacer.gov/reg_pacer.html

The Court's website and electronic filing system may be accessed at: www.laed.uscourts.gov/.

**19.     How do I get more information?**

**DO NOT CALL THE COURT OR THE DEFENDANTS ABOUT THIS NOTICE**.

Instead, if you have questions, you may contact Class Counsel whose contact information is listed in response to question 6.  They can help you determine whether you are a Class Member and whether you are eligible for a settlement benefit.

**DOCUMENT SUBJECT TO MOTION TO SEAL**

**LOCAL RULE 5.6**

**EXHIBIT D TO THE PARTIES' SETTLEMENT AGREEMENT**
**(PLAN OF ALLOCATION)**
**SUBJECT TO CONTEMPORANEOUS MOTION TO SEAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMAN JOSEPH CLAUDET JR. individually and on behalf of all others similarly situated; | ) ) ) | |
| Plaintiffs | ) ) | Civil Action No. 17-10027-EEF-JVM |
| v. | ) ) | Judge Eldon Fallon<br>Mag. Judge Janis van Meerveld |
| CYTEC RETIREMENT PLAN,<br>CYTEC INDUSTRIES INC., and<br>SOLVAY USA, INC., | ) ) ) | CLASS ACTION |
| Defendants | ) ) | |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT, APPROVAL OF AMENDED CLASS FOR SETTLEMENT PURPOSES AND APPROVAL OF CLASS NOTICES

The parties' Joint Motion for Preliminary Approval Of Settlement Agreement, Approval Of Amended Class For Settlement Purposes, And Approval Of Class Notices came on for hearing before this Court on February 19, 2020.  Having reviewed the Memorandum in support of the Motion, the Settlement Agreement along with all attachments thereto, and having heard from the parties and counsel, it is hereby ordered that the Motion is GRANTED.

Under Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."  Where, as here, the proposed settlement will bind unnamed class members, the parties must first "provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class" and,  if appropriate, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing."  Fed. R. Civ. P. 23(e)(1)(A)-(B).

The Court hereby finds that the Parties have made a sufficient showing to justify notice to all members of the class, as amended by the proposed Second Amended Complaint. The proposed settlement provides real and valuable relief to the class members in the net sum of 75% of their total potential recovery. There are grounds to find that the proposed settlement is fair, reasonable, and adequate, and treats all class members equitably relative to each other.

Therefore, the Court hereby orders as follows:

- The definition of the Class is amended as follows: "All vested participants in the Plan who elected or have a right to elect an optional joint and survivor benefit and who are, were or would be subject to a reduction of monthly benefits as a result of the imposition of charges attributable to the cost of the 'pop-up' feature under the Plan's optional joint and survivor benefits (and their Eligible Beneficiaries, if they are deceased or incompetent)."

- The parties shall direct notice of the proposed settlement to the members of the Class, as amended, in accordance with the Settlement Agreement, with Defendants bearing the cost of providing notice. The Class Notice forms and Change of Information forms attached to the Settlement Agreement are hereby approved;

- The Defendants shall serve notices as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

- A Final Fairness Hearing shall be held before this Court on the _____ day of _____, 2020, at _____ a.m. Any objections to the proposed Settlement Agreement shall be served and filed not less than fourteen (14) days before the Final Fairness Hearing.


Signed this _____ day of _____, 2020, in New Orleans Louisiana.


_____
HON. ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Page 2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMAN JOSEPH CLAUDET JR. individually and on behalf of all others similarly situated; | ) ) ) | |
| Plaintiffs | ) ) | Civil Action No. 17-10027-EEF-JVM |
| v. | ) ) | Judge Eldon Fallon Mag. Judge Janis van Meerveld |
| CYTEC RETIREMENT PLAN, CYTEC INDUSTRIES INC., and SOLVAY USA, INC., | ) ) ) | CLASS ACTION |
| Defendants | ) ) | |

### SECOND AMENDED COMPLAINT

Plaintiff Aman Joseph Claudet Jr., on his own behalf and on behalf of the class he seeks to represent, alleges as follows:

### NATURE OF THE CLAIMS

1.      This case involves the unlawful reduction of vested retirement benefits in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

2.      Plaintiff Claudet, a retired beneficiary of the Cytec Retirement Plan, ("Plan") was subjected to an unexpected and unjustified reduction of pension benefits in direct contradiction to the operative plan documents.  According to Defendants, hundreds of other retirees have been subjected to the same or similar reductions.  In addition, the accrued benefits of active and terminated vested participants in the Plan were reduced.

3.      There is significant evidence that Defendants have taken deliberate and purposeful steps, including misrepresentation of key facts to the Internal Revenue Service and failing to disclose material information to participants, to deprive selected groups of retirees and future

retirees of a portion of their vested pension benefits.

4.      Although the full extent of the class-wide damages is currently unknown, Plaintiff estimates that Defendants' unlawful actions will strip hundreds of individuals of rightfully earned pension benefits, and that the total amount in controversy in this action is several million dollars.

## THE PARTIES

5.      Aman Joseph Claudet Jr. is an individual of the full age of majority and a resident of St. Charles Parish, Louisiana.

6.      Defendant Plan is an ERISA governed plan.  The Plan currently provides pension benefits to individuals, including Plaintiff, residing within this District.  The Plan is a defined benefit plan as defined by ERISA.

7.      Defendant Cytec Industries, Inc., (hereinafter "Cytec") is a Delaware corporation licensed to do business in Louisiana and doing business in Louisiana.  Its principal business establishment in Louisiana is located at 10800 River Road, Westwego, Louisiana.  Cytec is the designated sponsor and Plan administrator of the Plan.

8.      Defendant Solvay USA, Inc. (hereinafter "Solvay") is a Delaware corporation licensed to do business in Louisiana and doing business in Louisiana.  Its principal business establishment in Louisiana is located at 1275 Airline Highway in Baton Rouge, Louisiana.  Solvay is the U.S. subsidiary of Solvay SA, a Belgium-based international conglomerate.

9.      On information and belief, Defendants Cytec and/or Solvay made the decision to reduce the pension benefits of Plaintiff and the members of the proposed class in violation of ERISA as set forth below.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 1132(e)(1).

11.     A substantial part of the events or omissions giving rise to this claim occurred within this District, Plaintiff resides in this District, and the breach occurred here.  Venue is therefore proper in this Court.  28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2).

12.     To the extent that Plaintiff is required to exhaust administrative remedies in order to bring the claims asserted herein, he has done so by filing a formal written claim for benefits and by filing a written appeal of the denial of benefits.   Plaintiff's written claim and written appeal were denied.

## FACTUAL ALLEGATIONS

**History of the Plan**

13.      The Plan is a successor plan to several plans that were merged into the Plan.

14.     In or around December 1993, American Cyanamid spun off their subsidiary Cytec, and Cytec thereafter continued as a standalone independent publicly traded corporation.

15.     On information and belief, Cytec assumed the obligations and received a portion of the assets and liabilities of the American Cyanamid Employees' Retirement Plan attributable to employees who transferred and became employees of Cytec and for former employees of American Cyanamid's specialty and commodity chemical operations.

16.     Effective on or about January 1, 1994, Cytec established three pension plans for the former employees of American Cyanamid and new employees of Cytec as follows:

> a.   The "Past Service Plan," which  was established to honor and pay the benefit obligations incurred for the employees who transferred and became employees of Cytec and for former employees of American Cyanamid's specialty and commodity chemical operations who were participants in the American

Cyanamid Employees' Retirement Plan;

    b.   The Cytec Bargaining Employees' Retirement Plan (the "Bargaining Plan"), which was established for the benefit of employees of Cytec and other designated subsidiaries and affiliates of Cytec, who are members of a unit covered by a collective bargaining agreement with Cytec or a designated subsidiary or affiliate which provides for participation in the Bargaining Plan; and

    c.   The Cytec Salaried and Nonbargaining Employees' Retirement Plan (the "Salaried Plan"), which was established for the benefit of salaried employees and hourly employees of Cytec and other designated subsidiaries and affiliates of Cytec who were not covered by a collective bargaining agreement.

17.    Cytec established a Master Trust and common administration of, inter alia, the Past Service Plan, the Salaried Plan and the Bargaining Plan (these three plans are together referred to herein as "Cytec Plans").

18.    The Cytec Plans were amended and restated on several dates after 1994 including in or around January 1, 1997.

19.    On information and belief, there are no material differences between the 1994 Cytec Plans and the 1997 Cytec Plans as relevant to the claims asserted in this Complaint and the Plan provisions cited within this Complaint.

20.    Each of the Cytec Plans and the Plan were and are defined benefit pension plans governed by the requirements of ERISA.

**Mr. Claudet's Employment and Retirement**

21.    Mr. Claudet worked for Cytec (and its predecessor companies including American

Cyanamid) in Louisiana for over thirty years, and retired on December 31, 2001.

22.    At the time of Mr. Claudet's retirement, he was a vested participant in the Cytec Salaried Plan.

23.    A true and correct copy of the Salaried Plan as amended and restated as of January 1, 1997, and which Defendants stated was the effective Salaried Plan document at the time of Mr. Claudet's retirement is attached to this Complaint as Exhibit A.

24.    Prior to his retirement, Defendants provided Claudet with a Pension Estimate. A true and correct copy of this Pension Estimate is attached to this Complaint as Exhibit B.

25.    The Pension Estimate presents the accrued defined benefit as a "Life Annuity" - a monthly pension payment for the remainder of the retiree's life.   For married participants meeting the Rule of 65 (as did Claudet), other forms of payment are available.

> **50% Spouse Benefit** – This is the normal form of payment for married employees. Your pension is paid for your life in a reduced amount to provide a continuation of 50% of your reduced pension for the lifetime of your surviving spouse.   The amount by which your pension is reduced to provide the spouse's benefit is determined by the ages of you and your spouse when payments commence.

> (Ex. B, p. 2).

26.    The Pension Estimate also provides for a Supplemental Spouse Benefit:

> **Supplemental Spouse Benefit** – If your pension is paid as a 50% Spouse Benefit, you can increase the amount of your spouse's pension by electing supplemental benefits of between 10% and 50% of your pension,  To provide these additional benefits, your pension is reduced according to your age and the age of your spouse when payments start.

> (Ex. B, p. 2).

27.    Each of the Cytec Plans and the Plan always provided for a "pop-up" feature in the

event the spouse or beneficiary (contingent annuitant) of a retiree receiving a joint and survivor

benefit predeceases the retiree.

28.      The Cytec Plans and the Plan did not and do not provide for or permit an actuarial

charge for the pop-up feature for any joint and survivor benefit.

29.      As explained under the heading "Additional Information" on the second page of the

Pension Estimate:

> **Pop-Up Feature** – The Plan provides a provision that if your
> beneficiary dies before you and after your pension has started, your
> benefit will increase to the Single Life Annuity benefit for the
> remainder of your life.
> (Ex. B, p. 2).

30.      Based on the information provided in the Pension Estimate and supporting

documentation from the Cytec Industries Summary Plan Descriptions for the 1997 Salaried Plan

("1997 SPD"), Claudet selected the 100% continuing benefit for his wife.

31.      A true and correct copy of the Retirement Benefits section from the 1997 SPD is

attached to this Complaint as Exhibit C.

32.      Plaintiff retired effective January 1, 2002, and began drawing a monthly benefit

payment reduced to provide for the 100% continuing benefit for his spouse.  The actual monthly

payment he received represents the Actuarial Equivalent of the accrued Single Life Annuity benefit

with 100% continuing benefit for Plaintiff's wife as calculated according to the "Actuarial

Equivalent" as defined in the 1997 Plan.  (*See* Ex. A, § 1.3)

**Retroactive Amendments to the Plan**

33.      Upon information and belief, in or around 2011 or 2012, Defendants filed an

application with the Voluntary Correction Program ("VCP") administered by the Internal

Revenue Service ("IRS") to address what it claimed were past operational "failures."

34.     In or around 2012, Defendants filed a revised application with the IRS VCP with respect to the Salaried Plan to address what it claimed were past operational "failures."

35.     Included in the list of purported "operational failures" was an alleged "failure" to provide and charge for the pop-up feature for the qualified joint and survivor annuity under the Cytec Plans and the Plan.

36.     At all relevant times, the Cytec Plans and the Plan included a pop-up feature on the qualified joint and survivor annuity and had been administered to provide for a pop-up feature on the qualified joint and survivor annuity and providing a pop-up feature for the qualified joint and survivor annuity was not an "operational failure" as Defendants alleged in the 2012 VCP.

37.     At all relevant times the absence of a charge for a pop-up feature under the Plan and Cytec Plans was not an "operational failure" as Defendants  alleged in the 2012 VCP.

38.     At all relevant times neither the Cytec Plans nor the Plan had any provision that permitted or required the calculation of the actuarial equivalent benefit to include a charge for the pop-up feature under any of the joint and survivor forms of benefits.

39.     In purporting to "fix" the alleged "operational failure"  of failing to specify and charge for the pop-up feature on the qualified joint and survivor benefit, in the 2012 VCP submission, Defendants asserted to the IRS that they were proposing to amend the Plan, *inter alia*, to clarify that there was no charge for the pop-up feature for the qualified joint and survivor benefit and included with the July 2012 IRS VCP submission, a copy of a proposed amendment retroactively effective as of January 1, 2000 stating, *inter alia*, that the pop-up feature shall not be taken into account for purposes of determining actuarial equivalence under the qualified joint and survivor annuity.

40.     Upon information and belief, Defendants adopted amendments effective for the

Plan and Cytec Plans which they claimed enabled them to differentiate between the determination of actuarial equivalency for the qualified joint and survivor annuity benefit and the determination of actuarial equivalency for the other optional joint and survivor benefit forms by, inter alia, expressly providing with respect to the qualified joint and survivor annuity and not with respect to the other optional forms of joint and survivor benefits, that there would be no charge for the pop-up.

41.     Effective on or about December 31, 2013, the Past Service Plan and the Salaried Plan were merged into the Bargaining Plan.

42.     On January 1, 2014, the Cytec Plans were renamed the Plan and an amended and merged version of the Bargaining Plan was placed into effect with, *inter alia*, the Salaried Plan, Past Service Plan incorporated as appendices of the Plan (referred to herein as the "2014 Plan").

43.     On information and belief, Defendants calculated they would save several million dollars by imposing a charge for the pop-up on the optional joint and survivor benefit forms for those who have already retired, and on information and belief, will and have saved many more millions by imposing charges for the pop-up on optional benefit forms for those retiring subsequent to December 31, 2013.

44.     In 2015, the Plan filed another VCP application with the IRS to address what it then claimed were additional past operational "failures." The IRS subsequently issued a Compliance letter in response to this VCP, dated October 18, 2015, which is attached hereto as Exhibit "D."

45.     Both the 2012 and 2015 VCP filings contained misleading language and material misstatements regarding the terms of the Cytec Plans which, with respect to the 2015 VCP included, *inter alia*:

a.     The VCP was filed using the language of the 2014 Plan and written in such a way as to lead a reviewer to believe that an

actuarial "charge" for the pop-up feature is a defined part of the Cytec Plans.  In fact, it is not.  Under the Cytec Plans, there is no reference to the pop-up feature being treated as a "cost."

b.      The period during which the alleged Failure #1 occurred is from "1994 to 2013".  This is not a "period," as it constitutes the entire existence of the Cytec Plans, starting in 1994, until the amended Plan took effect in 2014.

46.      On information and belief, the IRS relied on these material misstatements in confirming the VCP.

47.      In December 2015, Solvay acquired Cytec in a merger.

48.      At no time did Cytec give notice to any Cytec Plan or Plan participants that their past and future benefit accruals were being materially altered or reduced with respect to implementation of a charge for the pop-up features on the joint and survivor annuity with the exception of freezing future benefit accruals for various groups of employees in the Cytec Plans.

**Reduction of Mr. Claudet's Retirement Benefits**

49.      On June 16, 2016, Claudet received an unsigned letter dated June 10, 2016 on Solvay stationary, informing him that his pension benefit had been "incorrectly calculated" and that his future pension benefits (and that of his wife should she survive him) would be reduced by $41.39 per month.

50.      The letter further directed Claudet to submit any questions to the Solvay H.R. Service Center, and included a phone number and e-mail address.

51.      Claudet contacted the Solvay H.R. Service Center, and ultimately exchanged correspondence with Stephanie Zweben, who identified herself as the Cytec Director – US Benefits Strategy and Operations.

52.      In a letter from Ms. Zweben dated July 8, 2016, Claudet learned, for the first time,

that inclusion of the pop-up feature in the defined benefits was now being characterized as a "cost". Ultimately, Ms. Zweben was not able to answer Claudet's questions to his satisfaction and on August 3, 2016, Claudet wrote a letter to Zweben formally requesting that his pension benefits be readjusted and reinstated to their former amount.

53.     On August 30, 2016, Zweben responded by stating that a similar reduction in benefits had been imposed on "1) annuitants who at the time of their retirement chose a Joint & Survivor (J&S) annuity option other than a 50% J&S, and 2) those annuitants who meet the first criteria whose spouses remain alive."  Zweben further stated that Claudet's August 3, 2016 letter would be treated as an ERISA claim for benefits, and was therefore being forwarded to the Plan's claims administrator for review.

54.     Defendants formally denied the claim for the restoration of full benefits by letter dated October 11, 2016.  This letter stated that "In 2015, Cytec Inc. (the "Company") discovered that, from 1994 to 2013, approximately 320 participants (including you [Claudet]) elected a joint and survivor benefit option containing the pop-up feature pursuant to the Plan and the actuarial cost of the pop-up feature was not applied to their benefits."  A true and correct copy of the denial of benefits letter is attached hereto as Exhibit E.

55.     Although the October 11, 2016 letter referred to several supposed attachments, Claudet did not actually receive the attachments until December 11, 2016.

56.     Claudet decided to submit a formal appeal.  Because of the delays in acquiring the attachments to the October 11, 2016 letter, the parties agreed that the deadline for Claudet to appeal the denial of benefits would be February 9, 2017.

57.     By letter dated January 12, 2017, Claudet requested a copy of the Plan document provisions governing the pop- up features that were in effect when he retired.

58.     By email dated February 1, 2017 the Plan Administrator sent him a portion of the 1998  Summary Plan Description and a copy of a section of the  Plan document as amended and restated effective as of January 1, 2014, which was 12 years after Mr. Claudet retired.

59.     By letter dated February 2, 2017, the Plan Administrator provided Mr. Claudet with the 1997 Plan document it said was in effect when the retired.

60.     Upon information and belief, a Plan document effective January 2001 was the Plan document in effect when Mr. Claudet retired.

61.     Without disclosing that in 2011, Plan Section 6.1(b) had been retroactively amended  to provide, for the first time, that there would be no charge for the pop-up for the 50% joint and survivor benefit, the February 2017 email to Mr. Claudet specifically referenced amended Plan Section 6.1(b) in an attempt to justify Defendants' charge for the pop-up imposed on Mr. Claudet's  100% joint &  survivor benefit as follows:

> … Section 6.1(b) of the plan specifically provides that the "pop-up" feature shall not be taken into account for purposes of determining Actuarial Equivalent for the Joint & Survivor (J&S) 50% . However, since Section 6.3(d) does not contain such a provision, the pop-up features shall be taken in account for purposes of determining Actuarial Equivalent for the other J&S's.

62.     Claudet submitted a written appeal of the denial of benefits on February 4, 2017.

63.     Claudet's appeal was denied in writing by letter dated May 18th, 2017.  A true and correct copy of the denial of appeal is attached as Exhibit F.

64.     The May 18, 2017 letter states, in part: "Contrary to your assertion, the actuarial charge for the cost of the pop-up in the event a participant elects to receive his or her benefits in the form of any optional joint and survivor annuity except the QJSA has always been a component of the Plan."  (*See* Ex. F, Section III).

65.     Contrary to this statement, the provision for a "charge" for the pop-up feature is not

in the 1994 Plan or the 1997 Plan.

66.   The denial of appeal further incorrectly states that because 26 C.F.R. 1.401(a)-20 of the Treasury regulations requires that the QJSA be the "*most valuable* benefit" offered to retirees, Mr. Claudet's benefits were required to be reduced (emphasis added).

67.   In imposing a charge for the pop-up on the Plaintiff's and class members' benefits and in processing and denying Plaintiff's claims and appeal, Defendants engaged in self-dealing and conflicted decision-making.

68.   On May 31, 2017, Claudet again requested documents and attempted to obtain whatever documents supported the representation in the Plan's denial of his appeal that the actuarial charge for the cost of the pop-up had always been a component of the Plan and he requested a copy of the complete Plan document when he retired. A true and correct copy of the letter requesting this information is attached to this complaint as Exhibit G.

69.   Although Defendants had failed to provide Mr. Claudet with copies of the 2001 Plan document in effect when he retired or any documentation on which the Plan relied in determining to impose a charge for the pop-up feature of the joint and survivor benefit elected by Mr. Claudet, by letter dated July 12, 2017 the Plan responded to Mr. Claudet's May 31, 2017 request for documents by stating in part, that:

> During the past year, in response to your other inquiries and claim for benefits/appeal under the Plan, Cytec Industries Inc. (the "Company") provided you with all of the Plan documents and information that you are entitled to receive under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). As such, no further Plan documents will be provided to you at this time since the Company has satisfied all its obligations under ERISA and you have previously received the additional documentation requested in your recent letter dated May 31, 2017.

A true and correct copy of the July 12, 2017 letter is attached hereto as Exhibit H.

70.     On information and belief, the failure to provide Mr. Claudet with the requested including the Plan document in effect when he retired did not result from circumstances beyond Defendants' control.

71.     Section 13.9 of the 1997 Plan states that "New Jersey law shall determine all questions arising with respect to the provisions of this Plan, except to the extent that federal statutes supersede New Jersey law."

## CLASS ALLEGATIONS

72.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) are satisfied with respect to the class defined herein.

73.     The proposed class consists of the following individuals:

> All vested participants in the Plan who elected or have a right to elect a optional joint and survivor benefit and who are, were or will be subject to a reduction of monthly benefits as a result of the imposition of charges attributable to the cost of the "pop-up" feature under the Plan's optional joint and survivor benefits (and their beneficiaries, if they are deceased or incompetent).

74.     Based on Defendants' representations, Plaintiff estimates that there are a minimum of 320 members of the class.  The number of class members is so large that joinder of all members is impracticable.

75.     There are numerous questions of law and fact common to the class, including at least the following:

> a.     Whether Defendants' reduction of the class members' monthly benefits due to the "pop-up" feature was lawful;

> b.     Whether Defendants' imposition of charges for a pop-up feature on optional benefit forms is contrary to the terms of

the Cytec Plans and the Plan;

c.      Whether Plaintiff and members of the class are owed restitution in the form of retroactive benefits under the terms of the Cytec Plans and the Plan;

d.      Whether Defendants violated their ERISA fiduciary duties;

e.      Whether Defendants violated ERISA and the terms of the Plan and Cytec Plans by failing to disclose material changes and failing to provide adequate disclosures; and

f.      What injunctive, declaratory, or other remedies are available to Plaintiff and the class members due to Defendants' unlawful actions.

76.      Plaintiff's claim is typical of the claims of the other members of the proposed class. ERISA imposes a uniform standard of conduct on plan fiduciaries including a duty to uniformly administer and interpret common plan language. Therefore, a violation as to one class member is a violation as to all class members.

77.      Plaintiff will fairly and adequately protect the interests of the class. He has no interests antagonistic to the claims of the class and has retained competent counsel.

78.      Charles Stiegler of Stiegler Law Firm, LLC, Christopher Williams of Williams Litigation, LLC, and Susan Martin and Jennifer Kroll of Martin & Bonnett, PLLC will fairly and adequately represent the interests of the class. Plaintiff's attorneys practice exclusively in the field of labor and employment law and have extensive experience litigating class and collective actions in federal courts. They have investigated Plaintiff's claims and reviewed the relevant plan documents and correspondence prior to filing this action.

79.      The prosecution of separate actions by individual members of the class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct with respect to the administration of the Plan. Individual actions may also result in adjudications that

would be dispositive of the interests of non-parties or substantially impair such non-parties' ability to protect their interests.

80.     Defendants have acted or refused to act on grounds generally applicable to the class as a whole, thereby making appropriate injunctive relief, declaratory relief or other appropriate relief with respect to the class as a whole.

81.     The common issues outlined above predominate over any issues affecting the individual members of the class.

82.     A class action is superior to any other method for the fair and efficient adjudication of this controversy.

83.     The class is definable and ascertainable, and potential members may be identified based on Defendants' records.

84.     There are no difficulties likely to be encountered in the management of a class action in light of the common plan language at issue.

## FIRST CAUSE OF ACTION
## CLASS CLAIM FOR BENEFITS

85.     Plaintiff hereby realleges and reincorporates the prior paragraphs as if fully set forth herein.

86.     ERISA states that a beneficiary may file a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

87.     Defendants have acted contrary to the terms of the Cytec Plans and Plan by charging for the pop-up on optional joint and survivor benefit forms.

88.     Plaintiff and the members of the class are entitled to recover the benefits due to them.

## SECOND CAUSE OF ACTION
## CLASS CLAIM FOR RELIEF FOR VIOLATIONS
## OF ERISA SECTIONS 204(g) AND 204(h)

89.     Plaintiff hereby realleges and reincorporates the prior paragraphs as if fully set forth herein.

90.     Plaintiffs herein seek a declaratory judgment setting forth their vested rights to benefits under the terms of the Cytec Plans and the Plan.

91.     ERISA's anti-cutback rule, ERISA §204(g) and applicable regulations provide that a plan may not be amended to reduce a participant's accrued or vested right to benefits.  29 U.S.C. § 1054(g).

92.     Section §204(h) of ERISA, 29 U.S.C. §1054(h), and applicable regulations provide that prior to implementation of any amendment that directly or indirectly reduces the rate of future benefit accruals a plan must provide notice to all plan participants who are reasonably expected to be impacted by the amendment.

93.     Optional forms of benefits such as the Plan's forms of optional joint and survivor benefits are protected under ERISA §§ 204(g) and 204(h).

94.     By the conduct complained of above, Defendants' unlawfully reduced accrued benefits and the rate of future benefit accrual in violation of ERISA §§ 204(g) and (h).

95.     Plaintiff and the class hereby seek a declaration stating that the imposition of a charge for the pop-up under the joint and survivor optional benefit forms reduced accrued benefits and the rate of future benefit accruals in violation of  ERISA §§204(g) and (h) along with declaratory and injunctive relief invalidating the Pop-up Amendment and requiring Defendants to continue paying benefits to all class members at the appropriate monthly rate without charge for the pop-up on optional forms of benefits, requiring repayment of all monies withheld since the

beginning of the reduction so as to make Plaintiff and class members whole and granting all other declaratory, injunctive and equitable relief as the court deems just and appropriate.

## THIRD CAUSE OF ACTION
## CLASS BREACH OF FIDUCIARY DUTY[1]

96.    Plaintiff hereby realleges and reincorporates the prior paragraphs as if fully set forth herein.

97.    Defendant Solvay USA Inc. is a fiduciary of the Plan.

98.    Defendant Cytec Industries Inc. is a fiduciary of the Plan.

99.    Section 404 of ERISA requires plan fiduciaries to "discharge [their] duties with respect to a plan solely in the interest of the participants and beneficiaries" and "in accordance with the documents and instruments governing the plan."

100.    These Defendants acted in a fiduciary capacity to the extent that they administered benefits under the 1997 Plan and the 1994 Plan.  For more than twenty years, Defendants administered the 1997 Plan and 1994 Plan without reducing the value of the class members' benefits to account for the pop-up feature.  If that was inappropriate under the terms of the 1997 Plan and the 1994 Plan, Defendants violated their fiduciary duties of prudence and diligence.

101.    In July 2016, Defendants changed course and decided to reduce the value of the class members' monthly benefits to account for the pop-up feature.  If this was inappropriate under the 1994 Plan or the 1997 Plan, Defendants have violated their fiduciary duty to act in accordance with the governing plan documents.

102.    Defendants expressly represented to Plaintiff, at the time of his retirement, that the value of his benefit would be set at a certain level and did not state that it would be reduced to

---

[1] This claim is reasserted without change (other than to conform to the other changes in the complaint) to preserve Plaintiff's right of appeal.

account for the pop-up feature.   On information and belief, Defendants made similar representations to the other members of the class.

103.    Fiduciaries have a duty not to misrepresent material information.  If Defendants' representations regarding the value of Plaintiff's vested benefits were incorrect, then these were material misrepresentations.

104.    Defendants have a duty and obligation to present complete and accurate information to employees regarding their benefits under the operative Plan.

105.    Defendants' reduction in benefits was contrary to all prior representations and disclosures.

106.    Defendants knew or should have known that misrepresentations, inaccuracies and omissions in the information provided to participants were likely to result in participants and beneficiaries making retirement decisions on the basis of the incorrect information.

107.    The foregoing breaches of fiduciary duty caused harm to Plaintiff and the members of the class, and Plaintiff and the members of the class seek any and all equitable relief which the Court deems just and appropriate.

**FOURTH CAUSE OF ACTION**
**CLASS CLAIM FOR RELIEF FOR VIOLATION OF ERISA'S WRITTEN PLAN**
**REQUIREMENTS, DISCLOSURE REQUIREMENTS AND REQUIREMENTS TO**
**PROVIDE SUMMARIES OF MATERIAL MODIFICATIONS**

108.    Plaintiff hereby realleges and reincorporates the prior paragraphs as if fully set forth herein.

109.    Section 102 of ERISA, 29 U.S.C. § 1022, Summary Plan Description, provides in relevant part:

> (a)     A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 104(b) of this title. The summary plan description shall include the information

described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan. A summary of any material modification in the terms of the plan and any change in the information required under subsection (b) of this section shall be written in a manner calculated to be understood by the average plan participant and shall be furnished in accordance with section 104(b)(1) of this title.

(b) The summary plan description shall contain the following information: . . a description of the relevant provisions of any applicable collective bargaining agreement, the plan's requirements respecting eligibility for participation and benefits; a description of the provisions providing for nonforfeitable pension benefits; circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; the procedures to be followed in presenting claims for benefits under the plan ...the remedies available under the plan for the redress of claims which are denied in whole or in part (including procedures required under section 503 of this title).

110.   Section 104(b) of ERISA, 29 U.S.C. § 1024(b), Publication of summary plan description and annual report to participants and beneficiaries of plan, provides in relevant part

The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, a copy of the summary plan description, and all modifications and changes referred to in section 1022(a) of this title–

(A)  within 90 days after he becomes a participant, or (in the case of a (beneficiary) within 90 days after he first receives benefits, or

(B)  if later, within 120 days after the plan becomes subject to this part. The administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, every fifth year after the plan becomes subject to this part an updated summary plan description described in section 1022 of this title which integrates all plan amendments made within such five-year period, except that in a case where no amendments have been made to a plan during such five-year period this sentence shall not apply. Notwithstanding the foregoing, the administrator shall furnish to each participant, and to each beneficiary receiving benefits under the plan, the summary plan description described in section 1022 of this title every tenth year after the plan becomes subject to this part. If there is a modification or change described in section 1022(a) of this title . . . a summary description of such modification or change shall be furnished not later than 210 days after the end of the plan year in which the change is adopted to each participant, and to each beneficiary who

is receiving benefits under the plan. . . .

(2)     The administrator shall make copies of the latest updated summary plan
description and the latest annual report and the bargaining agreement,
trust agreement, contract, or other instruments under which the plan was
established or is operated available for examination by any plan
participant or beneficiary in the principal office of the administrator and
in such other places as may be necessary to make available all pertinent
information to all participants (including such places as the Secretary
may prescribe by regulations).

(3)     Within 210 days after the close of the fiscal year of the plan, the
administrator (other than an administrator of a defined benefit plan to
which the requirements of section 1021(f) of this title applies) shall
furnish to each participant, and to each beneficiary receiving benefits
under the plan, a copy of the statements and schedules, for such fiscal
year, described in subparagraphs (A) and (B) of section 1023(b)(3) of
this title and such other material (including the percentage determined
under section 1023(d)(11) of this title) as is necessary to fairly
summarize the latest annual report.

111.    ERISA § 402, 29 U.S.C. § 1102 provides that every pension plan shall be
established and maintained pursuant to a written instrument that, *inter alia*, specifies the basis on
which payments are made to and from the plan.

112.    By the acts and omissions complained of above, Defendants violated ERISA §§
102, 104 and 402 and Plaintiff and the class were harmed

113.    Plaintiff and the class hereby seek a declaration stating that the reduction in
benefits and rate of future benefit accrual by imposition of a charge for the pop-up under the joint
and survivor optional benefit forms violates ERISA §§ 102, 104 and 402 along with declaratory
and injunctive relief invalidating the Pop-up Amendment and requiring Defendants to continue
paying benefits to all class members at the appropriate monthly rate without charge for the pop-up
on optional forms of benefits, requiring repayment of all monies withheld since the beginning of
the reduction so as to make Plaintiff and class members whole and granting all other declaratory,

injunctive and equitable relief as the court deems just and appropriate.

## FIFTH CAUSE OF ACTION
## INDIVIDUAL CLAIM TO REDRESS VIOLATIONS OF ERISA'S CLAIMS PROCEDURES REQUIREMENTS

114.    Plaintiff hereby realleges and reincorporates the prior paragraphs as if fully set forth herein.

115.    Section 503 of ERISA, 29 U.S.C. §1133 provides in relevant part:

In accordance with regulations of the Secretary, every employee benefit plan shall--

(1)      provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2)      afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

116.    ERISA § 503, 29 U.S.C. § 1133, and regulations thereunder, 29 C.F.R. § 2560.503-1, provide that plan administrators, *inter alia*, must provide claimants upon request and free of charge all documents relevant to their claim for benefits and appeal as defined in the regulations.

117.    ERISA § 503, 29 U.S.C. § 1133, and regulations thereunder, 29 C.F.R. § 2560.503-1, provide that plan administrators, *inter alia*, must provide claimants whose claims for benefits are denied with the specific reasons for the claim denial, must provide claimants with documents and information showing that plan provisions have been applied consistently with respect to similarly situated claimants, must have administrative procedures and safeguards designed to ensure that benefit determinations are made in accordance with governing plan documents and that plan provisions have been applied consistently with respect to similarly situated claimants and must provide claimants with the plan provisions relied upon.

118.    By the acts and omissions set forth above, Defendants violated ERISA § 503 and

regulations thereunder and Plaintiff was harmed and his rights to benefits and to make claims for benefits were thwarted and delayed.

119.    Plaintiff hereby seeks an order declaring that Defendants violated ERISA § 503 and regulations thereunder together with appropriate declaratory, injunctive and equitable relief, including an order enjoining Defendants to follow ERISA's claims procedure requirements, enjoining Defendant Plan Administrator to comply with the claims procedure requirements and other declaratory, injunctive and other equitable relief, together with costs and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

a.    For certification of a class under Fed. R. Civ. P. 23;

b.    The appointment of Plaintiff as class representative;

c.    The appointment of undersigned attorneys as counsel for the class;

d.    A declaration that Defendants violated ERISA §§ 104, 204(g), 204(h), 402, 404 and 503 and regulations thereunder and that Plaintiff and the members of the class are entitled to receive unreduced retirement benefits under the terms of the Cytec Plans and the Plan, and that any subsequent Plan amendment which purported to reduce or adjust those benefits was invalid;

e.    An order requiring Defendants to pay all past due benefits to Plaintiff and the members of the class; and to pay future benefits at an unreduced rate;

f.    Injunctive or other equitable relief requiring Defendants to award to Plaintiff and the members of the class the benefits owed to them;

g.    Disgorgement of any unjust enrichment;

h.    Prejudgment interest on all amounts recovered at the maximum rate allowable by law;

i.    An award to Plaintiff and the members of the class of the costs and expenses of this suit;

j.    An incentive award to the named Plaintiff herein;

k.    An award of reasonable attorneys' fees; and

l.      Such other and further relief as this Court may deem just, equitable, and
        proper.

                                        Respectfully Submitted,

                                        /s Charles J. Stiegler
                                        Charles J. Stiegler, #33456 (TA)
                                        STIEGLER LAW FIRM LLC
                                        318 Harrison Ave., Suite 104
                                        New Orleans, La. 70124
                                        (504) 267-0777 (telephone)
                                        (504) 513-3084 (fax)
                                        Charles@StieglerLawFirm.com

                                        Christopher L. Williams, #32269
                                        WILLIAMS LITIGATION LLC
                                        639 Loyola Ave., Suite 1850
                                        New Orleans, LA 70113
                                        (504) 308-1438 (telephone)
                                        (504) 308-1446 (fax)
                                        Chris@williamslitigation.com

                                        Susan Martin (*Pro Hac Vice*)
                                        Jennifer Kroll (*Pro Hac Vice*)
                                        MARTIN & BONNETT PLLC
                                        4647 N. 32nd St., Suite 185
                                        Phoenix, AZ  85018
                                        (602) 240-6900 (telephone)
                                        (602) 240-2345 (fax)
                                        smartin@martinbonnett.com
                                        jkroll@martinbonnett.com