UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMAN JOSEPH CLAUDET JR., individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>CYTEC RETIREMENT PLAN, CYTEC INDUSTRIES INC., and SOLVAY USA, INC.,<br><br>Defendants. | Civil Action No. 17-10027-EEF-JVM<br><br>Judge Eldon Fallon<br>Mag. Judge Janis van Meerveld<br><br>CLASS ACTION |

## NOTICE OF CLASS ACTION SETTLEMENT

**A federal court has authorized this Notice. This is not a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE CAREFULLY**

**To:    [Name]**
**[Address ]**

You are receiving this Notice because you are a retired participant under the Retirement Plan of Cytec Industries (the Plan) whose monthly benefits were reduced to account for a charge for the "pop-up" feature of the benefit. As a result if the settlement is approved by the Court, you will be entitled to settlement benefits from this class action lawsuit. You should read this Notice carefully.

In no event will anyone's current or future retirement benefits, including the pop-up feature, be reduced by this settlement.

1

Here is a brief explanation of the settlement:

- For most payment options, the Plan contains a "pop-up" feature for married retirees, or other retirees who designate a beneficiary who will continue receiving benefits after the retiree's death. Under the "pop-up," if the spouse (or other beneficiary) predeceases the retiree, the retiree's monthly benefit will increase to the amount he or she would have received if he or she had chosen a single life annuity. The "pop-up" only applies to certain types of benefit payment options.

- Beginning in 2016, the Plan started reducing the monthly benefits of people already retired who selected the Plan's optional joint and survivor annuity options other than the Plan's qualified 50% joint and survivor annuity option for married participants, asserting that the reduction represented a charge for the "pop-up" feature for certain types of benefit payment options. Plaintiff believes that this charge is not appropriate under the Plan. This lawsuit challenged the imposition of that charge.

- As the result of a settlement, the Defendants have agreed to provide benefits worth approximately $1,825,000 to all persons whose benefits were reduced as a result of the charge and all retirees who, after October 1, 2018, would be or were subject to such charge by electing certain optional benefit payment forms that include a charge for the pop-up.

- The settlement resolves the lawsuit over Cytec's imposition of charges for the pop-up feature. The settlement avoids costs and risks from continuing the lawsuit, pays additional retirement benefits to retirees who have had a charge for the pop-up feature, and releases Cytec, Solvay USA, Inc. and the Plan from liability for claims related to imposing charges for the pop-up features.

- Separate and apart from the estimated $1,825,000 in settlement benefits, subject to approval by the Court, the Defendants have agreed to pay $350,000 for attorneys' fees and $37,000 in expenses to be paid by the Plan and Solvay, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on whether Cytec, Solvay and the Plan would be found liable at trial for

imposing charges for the pop-up feature on optional forms of benefits.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

### Your Legal Rights and Options in this Settlement

| | |
|---|---|
| • If You Do Nothing | • You will receive payment if you are receiving retirement benefits as of October 1, 2018 and you elected a benefit payment option that has a charge for the pop-up feature. If the settlement is approved, you will receive a form in which you can choose how the settlement benefit will be paid to you. The forms of payment are described in response to questions 7 and 8 below. NOTE: You are receiving this notice because Cytec/Solvay records indicate you are included in the group affected. |
| • If You Object | • Write to the Court about why you don't like the settlement |
| • If You Go to The Fairness Hearing | • Ask to speak in Court about the fairness of the settlement |

- These rights—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

- Payments will be made if the Court approves the settlement and after the time to appeal has passed or any appeal is resolved. Please be patient.

## What this Notice Contains

Your Legal Rights and Options in this Settlement....................................................................3

What this Notice Contains.......................................................................................................4

BASIC INFORMATION.........................................................................................................5

1. Why did I get this notice?................................................................................................5
2. What is this lawsuit about?..............................................................................................6
3. Why is this a class action?...............................................................................................6
4. Why is there a settlement?...............................................................................................6
5. How do I know if I am part of the settlement?................................................................7
6. I'm still not sure if I am included....................................................................................7

THE SETTLEMENT BENEFITS—WHAT YOU GET........................................................8

7. What does the settlement provide?..................................................................................8
8. How much will my payment be?.....................................................................................8
9. What are the payment options if the participant is deceased?.........................................9

HOW YOU GET A PAYMENT.............................................................................................10

10. How can I get a payment?..............................................................................................10
11. What are my payment options?.....................................................................................11
12. When will I receive my payment?.................................................................................11
13. What am I giving up if the settlement is approved by the Court?.................................11

THE LAWYERS REPRESENTING YOU............................................................................12

14. Do I have a lawyer in this case?....................................................................................12
15. How will the lawyers be paid?.......................................................................................12

OBJECTING TO THE SETTLEMENT................................................................................12

16. How do I tell the Court I don't like the settlement?......................................................12

THE COURT'S FAIRNESS HEARING................................................................................13

17. When and where will the Court decide whether to approve the settlement?.................13
18. Do I have to come to the hearing?.................................................................................13
19. May I speak at the hearing?...........................................................................................14

GETTING MORE INFORMATION.....................................................................................14

20. Are there more details about the settlement?................................................................14
21. How do I get more information?...................................................................................14

## BASIC INFORMATION

**1.     Why did I get this notice?**

According to Cytec/Solvay records you or your spouse (or a deceased Plan retiree who designated you as a beneficiary under the terms of the Plan) elected a joint and survivor annuity with a "pop-up" feature, and a charge for that feature was imposed that had the effect of reducing your monthly benefits payment. The pop-up is a Plan feature that provides that, if the retiree chose a joint and survivor annuity option and if the spouse or designated beneficiary under the annuity option dies before the retiree dies, the retiree's monthly benefit will "pop-up" to the amount the retiree would have received if the retiree had chosen a single life annuity form of benefit. There is no charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants.  Prior to 2016, the Plan did not impose a "pop-up" charge for other forms of benefit payment, either. However, beginning in 2016, the Plan reduced the monthly benefits of certain persons already retired to reflect what the Plan claimed was the amount that should have been charged on a monthly basis for the pop-up under the optional joint and survivor annuity forms of benefit.

The Court ordered that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your rights, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, what settlement benefits are available, who is eligible for them, and how they will be paid.

The Court in charge of the case is the United States District Court for the Eastern District of Louisiana, The person who sued (Aman Joseph Claudet, Jr.) on behalf of a class of similarly situated Plan participants is called the "Plaintiff," and the entities he sued (the Cytec Retirement Plan, Cytec Industries Inc., and Solvay USA, Inc.), are called the "Defendants."

**2.      What is this lawsuit about?**

The lawsuit claims that Defendants violated the federal pension law known as the Employee Retirement Income Security Act (ERISA) and the terms of the Plan when it began imposing a charge for the pop-up feature on joint and survivor benefits other than the 50% qualified joint and survivor benefit for married participants. Until 2016, in determining the monthly benefit amount, Defendants did not compute a pop-up charge for any of the benefits that had a pop-up feature. In 2016, Defendants recomputed the benefit amount for those already retired and started charging to account for the cost they computed for the pop-up. Defendants did not impose any charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants. The Plaintiff claims in the lawsuit that charging for the pop-up feature violated the terms of the Plan and ERISA. Defendants deny they did anything wrong.

**3.      Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case the Plaintiff), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members. U.S. District Judge Fallon is in charge of this class action and determined that the claims were similar enough to be decided on a class basis.

**4.      Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants. The Plaintiff thinks he could have won and have the charge for the pop-up eliminated. The Defendants think the "pop-up" charge is valid and that the Plaintiff would not have won anything in this case. But the Court has not ruled on the merits of the case and there has been no trial. Instead, both sides agreed to a settlement. That way, both sides avoid the risks, costs, and delay of proceeding with the litigation, and all the people affected by the pop-up charge will receive a settlement benefit if upon retirement or already retired, they elect or if already retired, have elected a joint and survivor annuity benefit that contains a charge for the pop-up. The

attorneys representing the Class ("Class Counsel") think the settlement is in the best interest of all Class Members.

5.    **How do I know if I am part of the settlement?**

Judge Fallon decided that everyone who fits the Class Description given below is a Class Member:

> All vested participants in the Plan who elected or have a right to elect an optional joint and survivor benefit and who are, were or would be subject to a reduction of monthly benefits as a result of the imposition of charges attributable to the cost of the "pop-up" feature under the Plan's optional joint and survivor benefits (and their Eligible Beneficiaries, if they are deceased or incompetent).

According to the records provided by Cytec/Solvay to Class Counsel, you are a class member. You should notify Class Counsel (see question 6.) immediately if you feel this is in error.

You are not a Class Member if you elected a 50% joint and survivor annuity option for married participants because you were never assessed any charge for the pop- up. You are only a Class Member if you elected a joint and survivor annuity option for which Defendants have decided to charge for the pop-up.

6.    **I'm still not sure if I am included**

If you are still not sure whether you are included, you can ask for help. You can call, write or email Class Counsel using the contact information below for more information:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

Christopher L. Williams
WILLIAMS LITIGATION LLC
639 Loyola Ave., Suite 1850
New Orleans, LA 70113

(504) 308-1438 (telephone)
(504) 308-1446 (fax)
Chris@williamslitigation.com

**THE SETTLEMENT BENEFITS—WHAT YOU GET**

**7.     What does the settlement provide?**

The settlement provides for benefits that are equal to at least 75% of the charge for the pop-up for the joint and survivor annuity option you elected. The total value of these settlement benefits is estimated to be $1,825,000.

**8.     How much will my payment be?**

You will receive a total settlement benefit based on 75% of the charge that was imposed for the pop-up with interest at 7.25% per annum, through the effective date of the Settlement plus at least 75% of the pop-up charge of your future benefit payments.

Your individual settlement benefits, and payment methods you may choose from, are listed below:

Your Settlement Benefits and Payment Methods available: Once the Court enters Final Judgment approving the settlement, the Plan will send you an election form so that you can elect one of the following payment methods. You need to fill out that form to make sure you receive the payment method of your choice:

**Method 1**: If you elect to receive your TOTAL settlement benefits in a lump sum, you will receive: $_____,[plus interest from **July 1, 2019**]. If you are under age 70-1/2, this amount is eligible to be rolled over to an IRA or another employer's qualified plan.

**Method 2**: You may elect to receive your settlement benefit as a joint and 50% or 75% survivor annuity if you are married, or a single life annuity if you are not married.

If you elect a joint and 50% survivor annuity, you will receive $_____ per month added to your monthly pension benefits. Should your spouse survive you, the ADDED amount paid to your spouse after your death would be $ _____ per month. If your spouse predeceases you, your monthly settlement benefit will not

8

change, but your your original retirement benefit will be increased ("pop-up") to the single life annuity you would have received at the time you retired.

If you elect a joint and 75% survivor annuity, you will receive $_____ per month added to your monthly pension benefits. Should your spouse survive you, the ADDED amount paid to your spouse after your death would be $ _____ per month. If your spouse predeceases you, your monthly settlement benefit will not change, but your original retirement benefit will be increased ("pop-up") to the single life annuity you would have received at the time you retired

If you are not married, you may elect to receive your settlement benefit as a single life annuity. If you elect this form, you will receive $_____ per month added to your monthly pension benefits; under this form, no settlement payments will be made after your death. Your original retirement benefit will be paid in accordance with the option you chose when you retired.

**Method 3**: You may elect to receive a separate lump sum payment for 75% of the PAST charges for the pop-up with interest at 7.25% per annum PLUS 75% of the pop-up charge added to your monthly benefits going forward. If you elect this form you will receive $_____ in a lump sum (eligible for rollover if you are under age 70 1/2), [plus interest from **July 1, 2019**], and $ _____ added to your monthly pension benefit payment. If your spouse predeceases you, your ADDED monthly settlement benefit will be reduced to zero and your monthly pension benefit will be increased ("pop-up") to the single life annuity you would have received at the time you retired.

**Method 4**: You may elect to receive the entire value of your settlement benefits in the form of benefit you elected when you retired (for example, a 75& or 100% joint and survivor annuity). If you elect this form you will receive $_____ per month added to your monthly pension benefits. If your spouse predeceases you, your ADDED monthly pension benefit will be reduced to zero and the monthly pension benefit you received when you retired will be increased ("pop up") to the single life annuity you would have received at the time you retired.

9. **What are the payment options if the participant is deceased?**

If a retiree commenced payment of his or her monthly Plan benefit before October 1, 2018, and dies before payment of settlement benefits is made, the retiree's settlement benefit will be paid to his or her surviving spouse or designated beneficiary as a lump sum. Where the settlement benefit is made to a surviving spouse, the lump sum may generally be rolled over to an IRA or qualified retirement plan if permitted under IRS minimum required distribution rules for surviving spouses. If the settlement benefit is paid to the surviving spouse or to someone who is otherwise receiving a death benefit under the Plan, at

the spouse or beneficiary's option, the settlement benefit may be paid as a single-life annuity.

If a surviving spouse or designated beneficiary dies before settlement benefits are paid, the estate of the surviving spouse or designated beneficiary will be entitled to receive the Eligible Beneficiary's Settlement Benefit in a lump sum. All payment amounts given are based on an effective date of July 1, 2019. If judgment and/or payment is delayed past that date, these amounts will be adjusted with interest to account for the delay.

## HOW YOU GET A PAYMENT

**10. How can I get a payment?**

You do not have to do anything in order to receive settlement benefits if you are eligible. However, if you had already retired as of October 1, 2018, you should complete an election form that the Plan will send you once the settlement is preliminarily approved so that you can receive your settlement benefit in the payment method of your choice (see payment methods under Question 8). If you <u>do not return an election form within the time specified</u>, your settlement benefit will be paid as a 50% qualified joint and survivor benefit (if you are married) or a single life annuity (if you are not married). You should be aware that this method may result in a separate monthly settlement benefit payment.

It is important that you let the Plan know where you are so you can receive the proper information. If this notice was sent to you at the wrong address, or if you move, please let the Plan Administrator know right away. You can let the Plan Administrator know your new address by calling the following phone number: _____.

If this Notice was sent to a Class Member who is now deceased, the Class Member's surviving spouse or eligible beneficiary, or if there is none, the Participant's estate, may be entitled to a settlement payment. Please contact the Plan Administrator to find out whether you are eligible to receive a deceased Class Member's settlement benefit, and to obtain the appropriate paperwork, by calling the following

phone number:_____.

11.    **What are my payment options?**

If you were already retired as of October 1, 2018 and had a pop-up charge imposed on your optional forms of benefit, you will receive an election form that you should complete in order to receive your settlement benefits according to the payment method of your choice. The payment methods you may choose from and the amounts (based on an effective date of July 1, 2019) associated with each choice are listed in response to question 9, above.

12.    **When will I receive my payment?**

The Court will hold a hearing to decide whether to approve the settlement. If Judge Fallon approves the settlement, the settlement will become effective after the time to appeal has passed or all appeals have been resolved. Once the settlement becomes effective, the Plan will finalize settlement payment arrangements, in accordance with your choice, within 30 days, provided you have returned the election form within the time limit specified in the election form with all required documentation, if any. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You may contact Class Counsel whose information is set forth in response to question 6 for more information. Please be patient.

13.    **What am I giving up if the settlement is approved by the Court?**

If the settlement is approved by the Court, you will give up your right to sue or bring any action or proceeding challenging the imposition of the charge for the pop-up feature contested in this litigation and any claims directly related thereto. You will not give up any other, unrelated claims against the Plan or the other Defendants.

## THE LAWYERS REPRESENTING YOU

**14.     Do I have a lawyer in this case?**

The court has appointed two law firms to represent you and the other Class Members. These lawyers are called Class Counsel. Their contact information is set forth in response to question 6 above. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense

**15.     How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of $350,000 for attorneys' fees and $37,000 in costs and expenses to be paid separately by the Plan for attorneys' fees and expenses. Class counsel will also ask for payment of $5,000 to Mr. Claudet for his services as Class Representative. The attorneys' fees would pay for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Defendants will separately pay the fees, expenses and payments that the Court awards. These amounts will not reduce the amount of Class Members' settlement benefits. Defendants will also pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**16.     How do I tell the Court I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it and give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement. You must also state whether the objection applies only to you, to a specific subset of the Class or the whole Class. You must also state the specific grounds for your objection. Be sure to also include your name, address, telephone number and signature. Mail the objection to the following Class Counsel postmarked no later than [Insert Date]:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**17.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at___: ___m on [Insert date], at the United States District Court for the Eastern District of Louisiana, 500 Poydras St., New Orleans, LA 70130, in Courtroom C468. This date, time and location may be changed by the Court so if you plan on attending, please contact Class Counsel to confirm the date, time and location of the Fairness Hearing. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Fallon may also listen to people who have asked to speak at the hearing. The Court may also decide whether to approve Class Counsel's fee application and the case contribution award to the Named Plaintiff. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**18.     Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Fallon may have. But, you are welcome to come at your own expense. There is no obligation for you to come to Court even if you file an objection. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

19.     **May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send or file a letter with the Court saying that it is your "Notice of Intention to Appear in *Claudet v. Cytec*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[Insert date],** and filed with the Court or sent to Class Counsel at the following address:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**GETTING MORE INFORMATION**

20.    **Are there more details about the settlement?**

This notice summarizes the proposed settlement. All of the pleadings, including the complete settlement agreement, are also available on the Court's website for registered users of the Court's electronic filing system through the Public Access to Court Electronic Records (PACER) program. PACER Logins are available to the public at: https://www.pacer.gov/reg_pacer.html.

The Court's website and electronic filing system may be accessed at: www.laed.uscourts.gov/.

21.    **How do I get more information?**

**DO NOT CALL THE COURT OR THE DEFENDANTS ABOUT THIS NOTICE**.

Instead, if you have questions, you may contact Class Counsel whose contact information is listed in response to question 6.  They can help you determine whether you are a Class Member and whether you are eligible for a settlement benefit.