UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMAN JOSEPH CLAUDET JR., individually and on behalf of all others similarly situated;<br><br>        Plaintiffs,<br><br>v.<br><br>CYTEC RETIREMENT PLAN,<br>CYTEC INDUSTRIES INC., and<br>SOLVAY USA, INC.,<br><br>        Defendants. | Civil Action No. 17-10027-EEF-JVM<br><br>Judge Eldon Fallon<br>Mag. Judge Janis van Meerveld<br><br>CLASS ACTION |

## NOTICE OF CLASS ACTION SETTLEMENT

**A federal court has authorized this Notice. This is not a solicitation from a lawyer.**

**PLEASE READ THIS NOTICE CAREFULLY**

To: [Name]

[Address ]

You are receiving this Notice because you are a vested participant under the Retirement Plan of Cytec Industries (the Plan). As a result, you are a member of a class action lawsuit and may become entitled to settlement benefits. You should read this Notice carefully.

**When you retire, you are entitled to elect to have your benefits paid in one of several optional forms. If you elected, or in the future elect, an optional joint and survivor annuity benefit form that includes a charge for the "pop-up" feature, you are (or will be) entitled to settlement benefits from this class action lawsuit.**

1

**In no event will anyone's current or future retirement benefits, including the pop-up feature, be reduced by this settlement.**

Here is a brief explanation of the settlement:

- For most payment options the Plan contains a "pop-up" feature for married retirees, or other retirees who designate a beneficiary who will continue receiving benefits after the retiree's death. Under the "pop-up," if the spouse (or other beneficiary) predeceases the retiree, the retiree's monthly benefit will increase to the amount he or she would have received if he or she had chosen a single life annuity. The "pop-up" only applies to certain types of benefit payment options.

- Beginning in 2016, the Plan started reducing the monthly benefits of people already retired, who selected the Plan's optional joint and survivor annuity options other than the Plan's qualified 50% joint and survivor annuity option for married participants, asserting that the reduction represented a charge for the "pop-up" feature for certain types of benefit payment options. Plaintiff believes that this charge is not appropriate under the Plan. This lawsuit challenged the imposition of that charge.

- As the result of a settlement, the Defendants have agreed to provide benefits worth approximately $1,825,000 to all persons whose benefits were reduced as a result of the charge and all retirees who, after October 1, 2018 would be or were subject to such charge by electing certain optional benefit payment forms that include a charge for the pop-up.

- The settlement resolves the lawsuit over Cytec's imposition of charges for the pop-up feature. The settlement avoids costs and risks from continuing the lawsuit, pays additional retirement benefits to retirees who have had a charge for the pop-up feature, and releases Cytec, Solvay USA, Inc. and the Plan from liability for claims related to imposing charges for the pop-up features.

- Separate and apart from the estimated $1,825,000 in settlement benefits, subject to approval by the Court, the Defendants have agreed to pay $350,000 for attorneys' fees and $37,000 in expenses to

- be paid by the Plan and Solvay, as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement.

- The two sides disagree on whether Cytec, Solvay and the Plan would be found liable at trial for imposing charges for the pop-up feature on optional forms of benefits.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

**Your Legal Rights and Options in this Settlement**

| If You Do Nothing | If, when you retire, you decide to have your benefits paid in a joint and survivor annuity optional benefit form that includes a charge for the pop-up feature, this settlement will provide a settlement benefit of 75% of the charge for the pop-up that would otherwise be imposed, which will be added to your monthly retirement benefits. In other words, your monthly benefit determination under the Plan will only reflect 25% of the charge computed and applied to your monthly benefit for the pop-up feature of the Plan. If you retired after October 1, 2018 and elected a joint and survivor annuity optional benefit form that includes a charge for the pop-up feature, this settlement will provide a settlement benefit of 75% of the charge for the pop-up that would otherwise be imposed, which will be added to your monthly retirement benefits |
|---|---|
| If You Object | Write to the Court about why you don't like the settlement |
| If You Go to the Fairness Hearing | Ask to speak in Court about the fairness of the settlement |

- These rights—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. If you are retired, your makeup payment for past charges and the upward adjustment to you monthly benefit payment, will be made if the Court approves the settlement and after the time to appeal has passed or any appeal is resolved. Please be patient.

3

## What this Notice Contains

| | |
|---|---:|
| Your Legal Rights and Options in this Settlement | 3 |
| BASIC INFORMATION | 5 |
| 1. Why did I get this notice? | 5 |
| 2. What is this lawsuit about? | 6 |
| 3. Why is this a class action? | 6 |
| 4. Why is there a settlement? | 6 |
| 5. How do I know if I am part of the settlement? | 7 |
| 6. I'm still not sure if I am included. | 7 |
| THE SETTLEMENT BENEFITS—WHAT YOU GET | 8 |
| 7. What does the settlement provide? | 8 |
| 8. How much will my payment be? | 8 |
| HOW YOU GET A PAYMENT | 9 |
| 9. How can I get a payment? | 9 |
| 10. When will I receive my payment if I have already retired or if I retire in the future? | 9 |
| 11. What am I giving up if the settlement is approved by the Court? | 9 |
| THE LAWYERS REPRESENTING YOU | 10 |
| 12. Do I have a lawyer in this case? | 10 |
| 13. How will the lawyers be paid? | 10 |
| OBJECTING TO THE SETTLEMENT | 10 |
| 14. How do I tell the Court I don't like the settlement? | 10 |
| THE COURT'S FAIRNESS HEARING | 11 |
| 15. When and where will the Court decide whether to approve the settlement? | 11 |
| 16. Do I have to come to the hearing? | 11 |
| 17. May I speak at the hearing? | 12 |
| GETTING MORE INFORMATION | 12 |
| 18. Are there more details about the settlement? | 12 |
| 19. How do I get more information? | 12 |

**BASIC INFORMATION**

**1. Why did I get this notice?**

According to Cytec/Solvay records, you are an active or vested Plan participant who has not yet retired or who had not retired as of October 1, 2018 and who elected or may, upon retirement, elect an optional joint and survivor annuity with a "pop-up" feature. The pop-up is a Plan feature that provides that if the retiree chooses a joint and survivor annuity option and if the spouse or designated beneficiary under the annuity option dies before the retiree dies, the retiree's monthly benefit will "pop-up" to the amount the retiree would have received if the retiree had chosen a single life annuity form of benefit. There is no charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants. Prior to 2016, the Plan did not impose a "pop-up" charge for other forms of benefit either. However, beginning in 2016, the Plan reduced the monthly benefits of persons already retired and will reduce the monthly benefits of persons not yet retired, to reflect what the Plan claimed was the amount that should have been charged on a monthly basis for the pop-up under the optional joint and survivor annuity forms of benefit.

The Court ordered that this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your rights, before the Court decides whether to approve the settlement.

This notice explains the lawsuit, the settlement, your legal rights, what settlement benefits are available, who is eligible for them, and how they will be paid. The Court in charge of the case is the United States District Court for the Eastern District of Louisiana. The person who sued (Aman Joseph Claudet, Jr.) on behalf of a class of similarly situated Plan participants is called the "Plaintiff," and the entities he sued (the Cytec Retirement Plan, Cytec Industries Inc., and Solvay USA, Inc.), are called the "Defendants."

**2.     What is this lawsuit about?**

The lawsuit claims that Defendants violated the federal pension law known as the Employee Retirement Income Security Act (ERISA) and the terms of the Plan when it began imposing a charge for the pop-up feature on joint and survivor benefits other than the 50% qualified joint and survivor benefit for married participants. Until 2016, in determining the monthly benefit amount, Defendants did not compute a pop-up charge for any of the benefits that had a pop-up feature. In 2016, Defendants recomputed the benefit amount for those already retired and started charging to account for the cost they computed for the pop-up. Defendants did not impose any charge for the pop-up on the 50% qualified joint and survivor annuity option for married participants. The Plaintiff claims in the lawsuit that charging for the pop-up feature violated the terms of the Plan and ERISA. Defendants deny they did anything wrong.

**3.     Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case the Plaintiff), sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members. U.S. District Judge Fallon is in charge of this class action and determined that the claims were similar enough to be decided on a class basis.

**4.     Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Defendants. The Plaintiff thinks he could have won and have the charge for the pop-up eliminated. The Defendants think the pop-up charge is valid and that the Plaintiff would not have won anything in this case. But the Court has not ruled on the merits of the case and there has been no trial. Instead, both sides agreed to a settlement. That way, both sides avoid the risks, costs, and delay of proceeding with the litigation, and all the people affected by the pop-up charge will receive a settlement benefit if upon retirement elect or, if already retired, have elected, a joint and survivor annuity benefit that contains a charge for the pop-up. The attorneys

7

representing the Class ("Class Counsel") think the settlement is fair and adequate and in the best interest of all Class Members.

5. **How do I know if I am part of the settlement?**

Judge Fallon decided that everyone who fits the Class Description given below is a Class Member:

> All vested participants in the Plan who elected or have a right to elect an optional joint and survivor benefit and who are, were or would be subject to a reduction of monthly benefits as a result of the imposition of charges attributable to the cost of the "pop-up" feature under the Plan's optional joint and survivor benefits (and their Eligible Beneficiaries, if they are deceased or incompetent).

According to the records provided by Cytec/Solvay to Class Counsel, you are a Class Member. You should notify Class Counsel (see question 6) immediately if you feel this is an error.

You are a Class Member because you were or will be entitled in the future, upon retirement, to elect an optional form of benefit that includes a charge for the pop-up. If you have not or do not, in the future, elect an optional form of benefit that includes a charge for the pop-up, you will not be assessed any charge for the pop-up and will not be entitled to Settlement Benefits. You are only entitled to Settlement Benefits if you elect a joint and survivor annuity option for which Defendants have decided to charge for the pop-up.

6. **I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for help. You can call, write or email Class Counsel using the contact information below for more information:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

Christopher L. Williams

WILLIAMS LITIGATION LLC
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
(504) 308-1438 (telephone)
(504) 308-1446 (fax)
Chris@williamslitigation.com

### THE SETTLEMENT BENEFITS—WHAT YOU GET

**7.   What does the settlement provide?**

The settlement only affects you if, upon retirement, you elect (or after October 1, 2018, elected) a joint and survivor annuity option that contains a charge for the pop-up. If that is the case, you will receive a settlement benefit equal to 75% of the charge for the pop-up. In determining to settle this case, the parties reviewed the forms of benefits historically elected by participants and determined through their actuaries the likelihood and estimated cost of providing the settlement benefits to Plan participants who had not yet retired as of October 1, 2018. The parties' best estimate of the likely amount it will cost the Plan for those not yet retired as of October 1, 2018 is approximately $285,000. Whether or not this estimate turns out to be correct will not impact any Class Member's right under the settlement to receive an allocation of 75% of the charge for the pop-up under the optional joint and survivor annuities.

**8.   How much will my payment be?**

If, upon retirement, you select or you selected an optional joint and survivor annuity other than the 50% joint and survivor annuity option for married participants, you will receive a settlement benefit of 75% of the charge for the pop-up. The Plan will add this amount to your monthly benefit. The Plan will also tell you how much this is if you have already retired or if not, the Plan will tell you how much this is when you are making decisions on what benefit payment option to elect when you get ready to retire.

## HOW YOU GET A PAYMENT

**9.     How can I get a payment?**

If you are a Class Member who elects a form of benefit that includes a charge for the pop-up, you will receive your settlement benefit automatically. You do not have to do anything in order to receive a settlement benefit payment.

If you retired after October 1, 2018, you will receive a make-up payment to reflect the amount of the settlement benefits from the date you retired to the date of payment of settlement benefits with interest. Thereafter, the settlement benefit payment will be added to your monthly pension benefits.

**10.    When will I receive my payment if I have already retired or if I retire in the future?**

The Court will hold a hearing to decide whether to approve the settlement. If Judge Fallon approves the settlement, the settlement will become effective after the time to appeal has passed or all appeals have been resolved. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You may contact Class Counsel whose information is set forth in response to question 6 for more information. Please be patient. Once the settlement becomes effective, if you have already retired, the Plan will pay your settlement benefits within 30 days. Thereafter, payment will be made when you retire and will be added to your monthly retirement benefits.

**11.    What am I giving up if the settlement is approved by the Court?**

If the settlement is approved by the Court, you will give up your right to sue or bring any action or proceeding challenging the imposition of the charge for the pop-up feature contested in this litigation and any claims directly related thereto. You will not give up any other, unrelated claims against the Plan or the other Defendants.

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

The court has appointed two law firms to represent you and the other Class Members. These lawyers are called Class Counsel. Their contact information is set forth in response to question 6 above. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

Class counsel will ask the Court to approve payment of $350,000 for attorneys' fees and $37,000 in costs and expenses to be paid separately by the Plan for attorneys' fees and expenses. Class counsel will also ask for payment of $5,000 to Mr. Claudet for his services as Class Representative. The attorneys' fees would pay for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Defendants will separately pay the fees, expenses and payments that the Court awards. These amounts will not reduce the amount of Class Members' settlement benefits. Defendants will also pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**14.     How do I tell the Court I don't like the settlement?**

If you're a Class Member, you can object to the settlement if you don't like any part of it and give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement. You must also state whether the objection applies only to you, to a specific subset of the Class, or the whole Class. You must also state the specific grounds for your objection. Be sure to also include your name, address, telephone number and signature. Mail the objection to the following Class Counsel postmarked no later than [Insert Date]:

Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**15.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at___: ___m on [Insert date], at the United States District Court for the Eastern District of Louisiana, 500 Poydras St., New Orleans, LA 70130, in Courtroom C468. This date, time and location may be changed by the Court so if you plan on attending, please contact Class Counsel so they can confirm the date, time and location of the Fairness Hearing. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Fallon may also listen to people who have asked to speak at the hearing. The Court may also decide whether to approve Class Counsel's fee application and the case contribution award to the Named Plaintiff. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**16.     Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Fallon may have. But, you are welcome to come at your own expense. There is no obligation for you to come to Court even if you file an objection. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**17.**     **May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send or file a letter with the Court saying that it is your "Notice of Intention to Appear in *Claudet v. Cytec*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **[Insert date],** and filed with the Court or sent to Class Counsel at the following address:

> Charles J. Stiegler
> STIEGLER LAW FIRM LLC
> 318 Harrison Ave., Suite 104
> New Orleans, La. 70124
> (504) 267-0777 (telephone)
> (504) 513-3084 (fax)
> Charles@StieglerLawFirm.com

**GETTING MORE INFORMATION**

**18.**     **Are there more details about the settlement?**

This notice summarizes the proposed settlement. All of the pleadings, including the complete settlement agreement, are also available on the Court's website for registered users of the Court's electronic filing system through the Public Access to Court Electronic Records (PACER) program. PACER Logins are available to the public at: https://www.pacer.gov/reg_pacer.html

The Court's website and electronic filing system may be accessed at: www.laed.uscourts.gov/.

**19.**     **How do I get more information?**

**DO NOT CALL THE COURT OR THE DEFENDANTS ABOUT THIS NOTICE**.

Instead, if you have questions, you may contact Class Counsel whose contact information is listed in response to question 6.  They can help you determine whether you are a Class Member and whether you are eligible for a settlement benefit.